Fernando MORALES, Appellant,

v.

MARTIN RESOURCES, INC., Martin Operating Partnership, L.P., and Select Professional Staffing, Appellee.

No. 11–04–00191–CV.

Court of Appeals of Texas, Eastland.

Dec. 1, 2005.

Kevin B. Miller, Mark A. Cevallos, Law Offices of Miller & Bicklein, P.C., Lubbock, for appellant.

H.C. Chang, Robert J. Killeen, Jr., Killeen & Associates, Houston, D. Bradley Dickinson, Dickinson & Associates, P.C., William E. Reid, Reid & Associates, Dallas, for appellee.

Panel consists of: WRIGHT, C.J., and McCALL, J., and McCLOUD, S.J.*

## OPINION

TERRY McCALL, Justice.

Fernando Morales was an employee of Select Professional Staffing. Select Professional Staffing placed Morales as a temporary employee with Martin Resources, Inc. Morales injured his left hand while working on a machine at Martin Resources, Inc.'s facility located in Odessa, Texas. Morales brought this action alleging negligence claims against Select Professional Staffing, Martin Resources, Inc., and Martin Operating Partnership, L.P.[1] The Martin entities will be referred to collectively as Martin Resources, Inc. The trial court granted summary judgment to Select Professional Staffing and Martin Resources, Inc., finding that the exclusive remedy provision of the Texas Workers' Compensation Act (TWCA) barred Morales's common law claims against them. *See* TEX. LAB. CODE ANN. § 408.001(a) (Vernon Supp.2005).[2] Because neither Select Professional Staffing nor Martin Resources, Inc. established that they were covered by workers' compensation insurance, which is necessary to come within the exclusive remedy provision, we reverse the trial court's judgment and remand the case to the trial court for further proceedings.

### Issues Presented

In two points of error, Morales argues that the trial court erred in granting summary judgment to Select Professional Staffing and Martin Resources, Inc. The parties agree that Morales was employed by Select Professional Staffing and Martin Resources, Inc. at the time of the injury. The parties also agree that the Texas Staff Leasing Services Act, TEX. LAB. CODE ANN. § 91.001 et seq. (Vernon 1996 &

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. Martin Resources, Inc. apparently merged into Martin Operating Partnership, L.P. after the date of Morales's injury.

2. The Honorable Gary L. Watkins, Judge of the 244th District Court, granted Martin Resources, Inc.'s motion for summary judgment. Judge Watkins passed away. The Honorable Stacy Trotter succeeded Judge Watkins as the judge of the 244th District Court. Judge Trotter signed a judgment that disposed of the remaining issues and parties before the court giving this court jurisdiction to consider this appeal.

Pamph. Supp.2005), does not apply in this case. The issue in this appeal is whether Select Professional Staffing and Martin Resources, Inc. established that they were covered by workers' compensation insurance at the time of Morales's injury.

### The Motions for Summary Judgment

Select Professional Staffing and Martin Resources, Inc. both filed traditional motions for summary judgment asserting that the exclusive remedy provision of the TWCA barred Morales's claims. Select Professional Staffing asserted that Morales had a third employer, AMS Staff Leasing N.A., Inc., at the time of the injury and that AMS Staff Leasing had workers' compensation insurance covering all of the employees that it had leased to Select Professional Staffing, including Morales. Select Professional Staffing argued that it had workers' compensation insurance because it was covered by AMS Staff Leasing's policy. Martin Resources, Inc. argued that it had workers' compensation insurance at the time of the injury.

### Standard of Review

We will apply the well-recognized standard of review for traditional summary judgments. We must consider the summary judgment evidence in the light most favorable to the nonmovant, indulging all reasonable inferences in favor of the nonmovant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). A defendant is entitled to summary judgment if it either disproves an element of each of the plaintiff's causes of action or establishes an affirmative defense on each of the

plaintiff's causes of action as a matter of law. *American Tobacco Company, Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997); *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997).

### The Exclusive Remedy Provision

The exclusive remedy provision is found in Section 408.001(a) of the TWCA. Section 408.001(a) provides as follows:

> Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage ... against the employer ... for ... a work-related injury sustained by the employee.

An employee is covered by "workers' compensation insurance coverage" if his employer possesses an approved insurance policy covering the payment of workers' compensation benefits to its employees. TEX. LAB. CODE ANN. § 401.011(44)(A) (Vernon Pamph. Supp.2005); *Western Steel Company, Inc. v. Altenburg*, 169 S.W.3d 347, 349 (Tex.App.-Corpus Christi 2005, pet'n pending).

The exclusive remedy provision of the TWCA is an affirmative defense. *Western Steel Company, Inc. v. Altenburg*, *supra* at 349; *Pierce v. Holiday*, 155 S.W.3d 676, 678 (Tex.App.-Texarkana 2005, no pet'n). Thus, in the summary judgment context, Select Professional Staffing and Martin Resources, Inc. had the summary judgment burden of proving their exclusive remedy affirmative defense as a matter of law. *American Tobacco Company, Inc. v. Grinnell*, *supra* at 425; *Science Spectrum, Inc. v. Martinez*, *supra* at 911.

The Texas Supreme Court has recognized that temporary employees, such as Morales, may have more than one employer for the purposes of the TWCA and its exclusive remedy provision. *Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 475 (Tex.

2005); *Wingfoot Enterprises v. Alvarado,* 111 S.W.3d 134, 144 (Tex.2003). In *Garza,* the Texas Supreme Court explained as follows:

> In *Wingfoot,* we examined the Workers' Compensation Act and held that an employee of a temporary employment agency who is "injured while working under the direct supervision of a client company is conducting the business of both the general employer [the temporary employment agency] and that employer's client." We further held, based on the provisions of the Act, that the injured "employee should be able to pursue workers' compensation benefits from either," and that "[i]f either has elected not to provide coverage, but still qualifies as an 'employer' under the Act, then that employer should be subject to common law liability without the benefit of the defenses enumerated in [TEX. LAB. CODE ANN. § 406.033 (Vernon Pamph. Supp.2005)]."

*Garza v. Exel Logistics, Inc., supra* at 475. In this case, the parties agree that Morales was an employee of Select Professional Staffing and Martin Resources, Inc. for the purposes of the TWCA.

The exclusive remedy provision applies to employers "covered by workers' compensation insurance." *Garza v. Exel Logistics, Inc., supra* at 474. In *Garza,* a temporary employment agency placed an employee with a client company. The Texas Supreme Court reversed a summary judgment in favor of the client company because the company had failed to establish that it was covered by workers' compensation insurance coverage. The court explained that a temporary employment agency cannot obtain workers' compensation insurance for a client simply by obtaining coverage for itself. The court held that "two employers cannot agree that one workers' compensation policy will name

only one employer but cover both." *Garza v. Exel Logistics, Inc., supra* at 479. Rather, there must be explicit coverage for both employers. *Garza v. Exel Logistics, Inc., supra* at 478.

■ Select Professional Staffing presented an affidavit of Andrew Thomas Price, the risk manager for AMS Staff Leasing, in support of its motion for summary judgment. Price stated, among other things, (1) that Morales was employed by AMS Staff Leasing; (2) that AMS Staff Leasing had leased Morales to Select Professional Staffing; and (3) that, on the date of Morales's injury, AMS Staff Leasing had workers' compensation insurance coverage for all employees that it had leased to Select Professional Staffing. Select Professional Staffing also presented the information page for AMS Staff Leasing's workers' compensation policy. The page listed "AMS Construction Company, Inc. dba AMS Staff Leasing" as the named insured. There was no summary judgment evidence that Select Professional Staffing was named as an insured under AMS Staff Leasing's workers' compensation policy or under any other workers' compensation insurance policy.

Select Professional Staffing relies on AMS Staff Leasing's workers' compensation insurance policy in support of its exclusive remedy provision argument. However, under *Garza,* Select Professional Staffing had the burden of showing "explicit coverage" for itself. *Garza v. Exel Logistics, Inc., supra.* Select Professional Staffing did not present any summary judgment evidence showing that it was named as an insured under any workers' compensation insurance policy; therefore, Select Professional Staffing failed to meet its burden of showing "explicit coverage" for itself. The trial court erred in granting summary judgment to Select Professional Staffing.

■ Martin Resources, Inc. presented an affidavit of Steven G. Fenner, an underwriting specialist with American International Group (AIG), in support of its motion for summary judgment. Fenner stated that, "[d]uring February 2001, Martin Resources, Inc. and its facility in Odessa, Texas, had workers compensation insurance with AIG." Martin Resources, Inc. also presented an affidavit of Dale Langston, a plant manager for Martin Resources, Inc. Langston stated that Martin Resources, Inc. carried workers' compensation insurance at the time of Morales's injury.

Martin Resources, Inc. also submitted a workers' compensation insurance policy as summary judgment evidence. The policy named "Martin Resource Management Corporation" as the insured and had a policy period from November 30, 2000, to November 30, 2001. A "Martin Resources, Inc.," located in Kilgore, Texas, was listed in an endorsement to the policy. A "Martin Resource Management Corporation," located in Odessa, Texas, was also listed in an endorsement to the policy. However, a "Martin Resources, Inc.," located in Odessa, Texas, was not listed as an insured in the policy or in any endorsement to the policy. Martin Resources, Inc. did not present any summary judgment evidence showing (1) the relationship, if any, between Martin Resources, Inc. in Kilgore and Martin Resources, Inc. in Odessa or (2) the relationship, if any, between Martin Resource Management Corporation and Martin Resources, Inc. in Odessa. In the absence of any evidence explaining the relationship, if any, among these entities, the insurance policy presented by Martin Resources, Inc. created a fact issue as to whether Martin Resources, Inc. had workers' compensation insurance covering its Odessa facility. Therefore, Martin Resources, Inc. failed to meet its summary judgment burden of establishing that it was covered by workers' compensation insurance coverage at the time of Morales's injury. The trial court erred in granting summary judgment to Martin Resources, Inc.

Morales's points of error are sustained.

### This Court's Ruling

We reverse the trial court's judgment and remand this cause to the trial court for further proceedings consistent with this opinion.