Opinion filed December 3, 2009



In The

# Eleventh Court of Appeals

No. 11-08-00275-CV

**DAVID WAYNE HODGES, Appellant**

**V.**

**TEXAS TST, INC., Appellee**

**On Appeal from the 32nd District Court**

**Nolan County, Texas**

**Trial Court Cause No. 18,850**

## O P I N I O N

David Wayne Hodges sued Texas TST, Inc. for injuries he sustained in an accident at its Sweetwater facility. The trial court granted TST's motion for summary judgment and entered a take-nothing judgment against Hodges. We affirm.

### I. *Background Facts*

Hodges was employed by Express Services, Inc. d/b/a Express Personnel Services and was assigned to work at TST. Hodges reported to TST's Sweetwater facility each morning and was given work assignments by a TST representative. During the day, a plant representative inspected his work

and gave him additional instructions. Hodges was injured on December 31, 2007, when he was struck by falling aluminum while clearing a vent at TST's request, and he received benefits from Express's workers' compensation carrier.

## II. *Issues*

Hodges challenges the trial court's judgment with three issues, contending that the trial court erred by holding that his claims were barred by the exclusivity provision of the Workers' Compensation Act.[1] First, there was no proof that Express was licensed under the Staff Leasing Act. Second, there was no evidence that TST had workers' compensation insurance covering him at the time of the accident. Third, he was an employee of Express and not TST.

## III. *Discussion*

TST filed a traditional motion for summary judgment. For traditional motions, questions of law are reviewed de novo. *St. Paul Ins. Co. v. Tex. Dep't of Transp.*, 999 S.W.2d 881, 884 (Tex. App.—Austin 1999, pet. denied). To determine if a fact question exists, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all the evidence in the light most favorable to the nonmovant, indulging all reasonable inferences in favor of the nonmovant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

### A. *Does Express's Workers' Compensation Policy Bar Hodges's Claim?*

TST contends that Hodges's claim was barred as a matter of law because of the exclusivity provision of the Workers' Compensation Act.[2] TST argued that Hodges was an employee of Express, that Express leased him to TST, and that Express provided Hodges with workers' compensation insurance. TST reasons that, because Hodges was a leased employee, Express's coverage bars his claim. Hodges responds that Express's insurance coverage is immaterial because there was no evidence that Express was a licensed staff leasing company.

---

[1] TEX. LAB. CODE ANN §§ 401.001-419.007 (Vernon 2006 & Supp. 2009).

[2] TEX. LAB. CODE ANN.§ 408.001(a) (Vernon 2006).

2

Tex. Lab. Code Ann. § 91.011 (Vernon 2006) prohibits engaging in staff leasing services without a license. TST deposed Express and requested any document showing that it was a licensed staff leasing company. Express produced no documentation, and TST did not otherwise offer evidence that Express was a licensed company. TST cannot, therefore, claim the benefit of Express's workers' compensation insurance. *Cf.* Tex. Lab. Code Ann. § 91.006 (Vernon 2006) (license holder's certificate of insurance constitutes proof of workers' compensation coverage for the license holder and the client company). Hodges's first issue is sustained.

*B. Is Hodges's Claim Barred by TST's Workers' Compensation Coverage?*

Alternatively, TST contends that, if the Staff Leasing Act does not apply, then Hodges was a borrowed servant and that its workers' compensation coverage bars his claim. Hodges replies that TST produced no evidence that he was a borrowed employee or that he was covered by TST's policy. Hodges also argues that he was given insufficient notice of this issue because TST did not raise it until it filed a supplemental motion for summary judgment eight days before the hearing. TST's supplemental motion did not include any evidence but merely raised an additional ground. However, even if we assume Hodges was entitled to additional notice, because no motion for continuance was filed, the trial court did not err by proceeding with the hearing.

TST produced evidence that it was covered by a workers' compensation policy on the day of Hodges's injury. Sonya Lopez testified by affidavit that she was a consulting underwriter with Liberty Mutual Insurance Group, that it had provided a workers' compensation policy to TST, and that this policy was in effect on December 31, 2007. Lopez further testified by affidavit that this coverage was available for TST's employees. A complete copy of that policy was included in the record. The policy names TST Inc. as the insured, but Texas TST Inc. is also defined as an insured. The policy reflects that TST paid premiums for employees at its Sweetwater facility and that Liberty Mutual promised to "pay promptly when due the benefits required of [TST] by the workers compensation law." There are no exclusions for borrowed servants.

Hodges argues that TST's evidence is insufficient to establish that he was covered, and he points to this court's decision in *Morales v. Martin Resources, Inc.*, 183 S.W.3d 469 (Tex. App.—Eastland 2005, no pet.). In that case, we recognized that an employee is covered by workers' compensation insurance if his employer possesses an approved insurance policy covering the

3

payment of workers' compensation benefits to its employees. *Id.* at 471. The issue was whether a temporary employment agency and its client were entitled to summary judgment on this issue. We held that the temporary employment agency was not because there was no insurance policy in the record naming it as an insured. *Id.* at 472. That situation does not exist here because TST provided a policy listing Texas TST Inc. as an insured. We also held that the client company was not entitled to summary judgment because it produced no evidence that its Odessa facility was insured. *Id.* at 473. In contrast, TST's policy specifically identifies the Sweetwater facility and confirms that TST paid premiums for its Sweetwater employees.

Hodges is correct that he was not directly employed by TST, but the Texas Supreme Court has long recognized that a general or regular employee of one employer may become the borrowed employee of another. *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 537 (Tex. 2002). Borrowed employee status hinges on whether the other employer or its agents have sufficient control over the employee's work. *Lockett v. HB Zachry Co.*, 285 S.W.3d 63, 75 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Courts consider whether the borrowing employer has the right to control the progress, details, and methods of operations of the work. *Flores v. N. Am. Techs. Group, Inc.*, 176 S.W.3d 442, 448 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

Courts have looked to the language of any contract between the two employers to determine the right to control. *See, e.g., Producers Chem. Co. v. McKay*, 366 S.W.2d 220, 226 (Tex. 1963) ("When a contract, written or oral, between two employers expressly provides that one or the other shall have right of control, solution of the question is relatively simple."). The contract between Express and TST specifically provided that TST would "supervise, direct, and control the work performed by [Express's employees]."

Not only did TST have the contractual right to control Hodge's work, the record confirms that it exercised this right. Hodges testified that, when he reported to work at TST's facility each morning, Donald, his plant representative, gave him his work assignment. Donald checked his work during the day and provided him with additional instructions. On the day of the accident, Donald took him to a refraction and asked him to open a clogged vent using a cutting torch. Hodges was injured while performing this task.

4

Because TST had the right to control the progress, details, and methods of Hodges's work, he was TST's borrowed servant. Because Hodges was a borrowed servant, he was TST's employee within the meaning of the workers' compensation act. *Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 477 (Tex. 2005). Because TST produced evidence that it had workers' compensation coverage, a claim for benefits is Hodges's exclusive remedy against TST. *Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 137-38 (Tex. 2003). The trial court did not err by granting TST's motion for summary judgment. Hodges's second and third issues are overruled.

## IV. *Holding*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


December 3, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

5