Opinion filed December 3, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed December 3,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00275-CV 

                                                    __________

 

                                 DAVID WAYNE HODGES, Appellant

 

                                                             V.

 

                                         TEXAS
TST, INC., Appellee

 



 

                                          On
Appeal from the 32nd District Court

 

                                                          Nolan
County, Texas

 

                                                   Trial
Court Cause No. 18,850

 



 

                                                                   O
P I N I O N

David
Wayne Hodges sued Texas TST, Inc. for injuries he sustained in an accident at
its Sweetwater facility.  The trial court granted TST=s motion for summary judgment and entered a
take-nothing judgment against Hodges.  We affirm.

                                                             I. 
Background Facts








 
Hodges was employed by Express Services, Inc. d/b/a Express Personnel Services and
was assigned to work at TST.  Hodges reported to TST=s Sweetwater facility each morning and was
given work assignments by a TST representative.  During the day, a plant
representative inspected his work and gave him additional instructions.  Hodges
was injured on December 31, 2007, when he was struck by falling aluminum while
clearing a vent at TST=s
request, and he received benefits from Express=s
workers= compensation
carrier.

                                                                       II. 
Issues

 Hodges
challenges the trial court=s
judgment with three issues, contending that the trial court  erred by holding
that his claims were barred by the exclusivity provision of the Workers= Compensation Act.[1] 
First, there was no proof that Express was licensed under the Staff Leasing
Act. Second, there was no evidence that TST had workers= compensation insurance covering him at the
time of the accident.  Third, he was an employee of Express and not TST.

                                                                  III. 
Discussion

 TST
filed a traditional motion for summary judgment.  For traditional motions,
questions of law are reviewed de novo.  St. Paul Ins. Co. v. Tex. Dep=t of Transp., 999
S.W.2d 881, 884 (Tex. App.CAustin
1999, pet. denied).  To determine if a fact question exists, we must consider
whether reasonable and fair-minded jurors could differ in their conclusions in
light of all the evidence presented.  Goodyear Tire & Rubber Co. v.
Mayes, 236 S.W.3d 754, 755 (Tex. 2007).  We must consider all the evidence
in the light most favorable to the nonmovant, indulging all reasonable
inferences in favor of the nonmovant, and determine whether the movant proved
that there were no genuine issues of material fact and that it was entitled to
judgment as a matter of law.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548-49 (Tex. 1985).

A. 
Does Express=s
Workers=
Compensation Policy Bar Hodges=s
Claim?

TST
contends that Hodges=s
claim was barred as a matter of law because of the exclusivity provision of the
Workers= Compensation
Act.[2] 
TST argued that Hodges was an employee of Express, that Express leased him to
TST, and that Express provided Hodges with workers= compensation insurance.  TST reasons that,
because Hodges was a leased employee, Express=s
coverage bars his claim.  Hodges responds that Express=s insurance coverage is immaterial because
there was no evidence that Express was a licensed staff leasing company.








Tex. Lab. Code Ann. ' 91.011 (Vernon 2006)
prohibits engaging in staff leasing services without a license.  TST deposed
Express and requested any document showing that it was a licensed staff leasing
company.  Express produced no documentation, and TST did not otherwise offer
evidence that Express was a licensed company.  TST cannot, therefore, claim the
benefit of Express=s
workers= compensation
insurance.  Cf. Tex. Lab. Code
Ann. '
91.006 (Vernon 2006) (license holder=s
certificate of insurance constitutes proof of workers= compensation coverage for the license holder
and the client company).  Hodges=s
first issue is sustained.

B. 
Is Hodges=s
Claim Barred by TST=s
Workers=
Compensation Coverage?

Alternatively,
TST contends that, if the Staff Leasing Act does not apply, then Hodges was a
borrowed servant and that its workers=
compensation coverage bars his claim.  Hodges replies that TST produced no
evidence that he was a borrowed employee or that he was covered by TST=s policy.  Hodges also
argues that he was given insufficient notice of this issue because TST did not
raise it until it filed a supplemental motion for summary judgment eight days
before the hearing.  TST=s
supplemental motion did not include any evidence but merely raised an
additional ground.  However, even if we assume Hodges was entitled to
additional notice, because no motion for continuance was filed, the trial court
did not err by proceeding with the hearing.

TST
produced evidence that it was covered by a workers= compensation policy on the day of Hodges=s injury.  Sonya Lopez
testified by affidavit that she was a consulting underwriter with Liberty
Mutual Insurance Group, that it had provided a workers= compensation policy to TST, and that this
policy was in effect on December 31, 2007.  Lopez further testified by
affidavit that this coverage was available for TST=s employees.  A complete copy of that policy
was included in the record.  The policy names TST Inc. as the insured, but
Texas TST Inc. is also defined as an insured.  The policy reflects that TST
paid premiums for employees at its Sweetwater facility and that Liberty Mutual
promised to Apay
promptly when due the benefits required of [TST] by the workers compensation
law.@  There are no
exclusions for borrowed servants.








Hodges
argues that TST=s
evidence is insufficient to establish that he was covered, and he points to
this court=s decision
in Morales v. Martin Resources, Inc., 183 S.W.3d 469 (Tex. App.CEastland 2005, no pet.). 
In that case, we recognized that an employee is covered by workers= compensation insurance if
his employer possesses an approved insurance policy covering the payment of
workers= compensation
benefits to its employees.  Id. at 471.  The issue was whether a
temporary employment agency and its client were entitled to summary judgment on
this issue.  We held that the temporary employment agency was not because there
was no insurance policy in the record naming it as an insured.  Id. at
472.  That situation does not exist here because TST provided a policy listing
Texas TST Inc. as an insured.  We also held that the client company was not
entitled to summary judgment because it produced no evidence that its Odessa
facility was insured.  Id. at 473.  In contrast, TST=s policy specifically
identifies the Sweetwater facility and confirms that TST paid premiums for its
Sweetwater employees.

Hodges
is correct that he was not directly employed by TST, but the Texas Supreme
Court has long recognized that a general or regular employee of one employer
may become the borrowed employee of another.  St. Joseph Hosp. v. Wolff,
94 S.W.3d 513, 537 (Tex. 2002).  Borrowed employee status hinges on whether the
other employer or its agents have sufficient control over the employee=s work.  Lockett v. HB
Zachry Co., 285 S.W.3d 63, 75 (Tex. App.CHouston
[1st Dist.] 2009, no pet.).  Courts consider whether the borrowing employer has
the right to control the progress, details, and methods of operations of the
work.  Flores v. N. Am. Techs. Group, Inc., 176 S.W.3d 442, 448 (Tex.
App.CHouston [1st
Dist.] 2004, pet. denied).

Courts
have looked to the language of any contract between the two employers to
determine the right to control.  See, e.g., Producers Chem. Co. v. McKay,
366 S.W.2d 220, 226 (Tex. 1963) (AWhen
a contract, written or oral, between two employers expressly provides that one
or the other shall have right of control, solution of the question is
relatively simple.@). 
The contract between Express and TST specifically provided that TST would Asupervise, direct, and
control the work performed by [Express=s
employees].@

Not
only did TST have the contractual right to control Hodge=s work, the record confirms that it exercised
this right.  Hodges testified that, when he reported to work at TST=s facility each morning,
Donald, his plant representative, gave him his work assignment.  Donald checked
his work during the day and provided him with additional instructions.  On the
day of the accident, Donald took him to a refraction and asked him to open a
clogged vent using a cutting torch.  Hodges was injured while performing this
task.








Because
TST had the right to control the progress, details, and methods of Hodges=s work, he was TST=s borrowed servant. 
Because Hodges was a borrowed servant, he was TST=s
employee within the meaning of the workers=
compensation act.  Garza v. Exel Logistics, Inc., 161 S.W.3d 473, 477
(Tex. 2005).  Because TST produced evidence that it had workers= compensation coverage, a
claim for benefits is Hodges=s
exclusive remedy against TST.  Wingfoot Enters. v. Alvarado, 111 S.W.3d
134, 137-38 (Tex. 2003).  The trial court did not err by granting TST=s motion for summary
judgment.  Hodges=s
second and third issues are overruled.

                                                        IV. 
Holding

 
The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

December 3, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









     [1]Tex. Lab. Code Ann '' 401.001-419.007 (Vernon 2006 & Supp. 2009).





     [2]Tex. Lab. Code Ann.' 408.001(a) (Vernon 2006).