**Opinion filed December 6, 2012**



## In The

# Eleventh Court of Appeals

_____

## No. 11-11-00229-CV

_____

## SYNERGY MANAGEMENT GROUP, L.L.C., Appellant

## V.

## KENNETH THOMPSON, Appellee

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 20,821**

### O P I N I O N

Kenneth Thompson sued Synergy Management Group, L.L.C. for injuries he sustained in an accident at its facility. The jury found in Thompson's favor on his negligence and gross negligence claims and awarded him actual and exemplary damages. The trial court entered a judgment in accordance with the jury's verdict. We affirm.

*Background Facts*

Thompson was employed by Alliance Savings Co., Inc. and was assigned to work at Synergy's tire recycling plant. Thompson was injured on July 2, 2004, when his left arm got

stuck in a conveyor belt at the plant. Thompson sustained broken bones during the incident, and he had two surgeries to repair the fractures.

After the accident, Thompson's medical bills were paid by workers' compensation insurance, and Thompson was paid weekly workers' compensation benefits. The medical bills and weekly benefits were apparently paid under a workers' compensation insurance policy on which "Alliance Savings Company" was listed as an additional insured. Later, Thompson filed suit against Synergy; Alliance Savings Co., Inc.; and others. In his petition, Thompson alleged that, at the time of his accident, he was an employee of Synergy and Alliance Savings Co., Inc. He alleged negligence and gross negligence claims against Synergy and Alliance Savings Co., Inc. In its answer, Synergy alleged an affirmative defense that Thompson's claims against it were barred by the exclusive remedy provision of the Texas Workers' Compensation Act (TWCA). *See* TEX. LAB. CODE ANN. § 408.001(a) (West 2006).

Synergy filed a traditional motion for summary judgment based on its exclusive remedy defense. Following a hearing, the trial court denied Synergy's motion. Synergy was the only remaining defendant at the time of trial. The case proceeded to a jury trial. After the parties presented evidence to the jury, Synergy presented evidence to the trial court relating to its exclusive remedy defense. Synergy moved for a directed verdict on the defense. The trial court denied Synergy's motion. The jury found in Thompson's favor on his negligence and gross negligence claims, and it awarded him $670,000 in actual damages and $1,000,000 in exemplary damages. Synergy filed a motion for judgment notwithstanding the verdict (JNOV) based on its exclusive remedy defense. Following a hearing, the trial court denied the motion and entered its judgment.

*Issue on Appeal*

In a single appellate issue, Synergy contends that the trial court erred when it ruled that the exclusive remedy provision in the TWCA did not bar Thompson's claims against it. In its issue, Synergy does not challenge a specific ruling by the trial court. We interpret Synergy's issue as challenging the trial court's denial of its motion for JNOV. As shown below, the analysis of Synergy's issue is the same whether it is viewed as a challenge to the trial court's denial of Synergy's motion for directed verdict or of its motion for JNOV.

*Standard of Review*

A trial court may disregard a jury's findings and grant a motion for JNOV only when a directed verdict would have been proper. *Fort Bend Cnty. Drainage Dist. v. Sbrusch*, 818

S.W.2d 392, 394 (Tex. 1991); *Clear Lake City Water Auth. v. Clear Lake Country Club, L.P.*, 340 S.W.3d 27, 33 (Tex. App.—Houston [1st Dist.] 2011, no pet.). We review a trial court's ruling on a motion for directed verdict or a motion for JNOV under a legal-sufficiency standard. *City of Keller v. Wilson*, 168 S.W.3d 802, 823–24 (Tex. 2005); *City of Houston v. Proler*, 373 S.W.3d 748, 754 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

The exclusive remedy provision of the TWCA is an affirmative defense that the defendant must plead and prove. *Exxon Corp. v. Perez*, 842 S.W.2d 629, 630–31 (Tex. 1992); *Warnke v. Nabors Drilling USA, L.P.*, 358 S.W.3d 338, 343 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A directed verdict in favor of a defendant is proper if the evidence conclusively establishes a defense to the plaintiff's cause of action. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000); *Martin v. Birenbaum*, 193 S.W.3d 677, 680 (Tex. App.—Dallas 2006, pet. denied); *Whitney Nat'l Bank v. Baker*, 122 S.W.3d 204, 207 (Tex. App.—Houston [1st Dist.] 2003, no pet.). A trial court should grant a motion for JNOV when the moving party has established each element of its defense so conclusively that reasonable minds could not differ as to the truth of the controlling facts. *Brown v. Zimmerman*, 160 S.W.3d 695, 702 (Tex. App.—Dallas 2005, no pet.). When a party challenges the legal sufficiency of the evidence supporting an adverse finding on an issue on which the party had the burden of proof, it must show that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 710 (Tex. App.—Dallas 2011, pet. denied).

*Synergy's Affirmative Defense*

Synergy's exclusive remedy defense was based on the provisions of the Staff Leasing Services Act (SLSA). The SLSA is found in Chapter 91 of the Texas Labor Code. *See* TEX. LAB. CODE ANN. §§ 91.001-.063 (West 2006 & Supp. 2012). Synergy argues that it and Alliance Savings Co., Inc. were co-employers of Thompson under the SLSA; that Alliance Savings Co., Inc. obtained workers' compensation insurance; and that, therefore, Thompson's claims against it were barred by the exclusive remedy provision of the TWCA. Synergy contends that it proved the following facts to establish its exclusive remedy defense: (1) that Alliance Savings Co., Inc. was a licensed staff leasing services provider; (2) that Thompson was employed by Alliance Savings Co., Inc. and assigned to work at Synergy; and (3) that Alliance Savings Co., Inc. obtained workers' compensation insurance that covered Thompson.

3

In its brief, Synergy relies on evidence that it presented to the trial court in support of its motion for summary judgment. In our review, we cannot consider summary judgment evidence that was not admitted during the trial on the merits. *Paselk v. Rabun*, 293 S.W.3d 600, 612 (Tex. App.—Texarkana 2009, pet. denied). Additionally, some of the exhibits, including affidavits, that Synergy attached to its motion for JNOV were not admitted at trial. Synergy relies on these exhibits to support its argument on appeal. We cannot consider these exhibits for a number of reasons. First, they were not admitted as evidence during trial. Second, the affidavits would have been inadmissible as trial evidence. *Stephens v. City of Reno*, 342 S.W.3d 249, 253 (Tex. App.—Texarkana 2011, no pet.). Third, if requested, the trial court could not have allowed Synergy to offer additional evidence after the jury reached its verdict. TEX. R. CIV. P. 270 ("[I]n a jury case no evidence on a controversial matter shall be received after the verdict of the jury."); *Univ. of Tex. at Austin v. Ables*, 914 S.W.2d 712, 718 (Tex. App.—Austin 1996, no writ). Therefore, in our analysis of Synergy's issue, we must consider only the evidence that was admitted during the trial on the merits.

*Analysis*

Synergy contends that the evidence established that Alliance Savings Co., Inc. was a licensed staff leasing company under the SLSA. As defined in the SLSA, a "[l]icense holder" is "a person licensed under this chapter to provide staff leasing services." Section 91.001(11). A "[c]lient company" is "a person that contracts with a license holder and is assigned employees by the license holder under that contract." *Id.* § 91.001(3). Under the SLSA, a license holder may elect to obtain workers' compensation insurance coverage for its assigned employees. *Id.* § 91.042(a). If the license holder elects to obtain such coverage, the policy also covers the client company. *Id.* §§ 91.006(a), 91.042(c); *Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 478 (Tex. 2005); *Vega v. Silva*, 223 S.W.3d 746, 748 (Tex. App.—Dallas 2007, no pet.). Under Section 91.042(c) of the SLSA, the license holder and the client company are considered to be co-employers for workers' compensation insurance purposes. If a license holder elects to obtain workers' compensation insurance, the license holder and the client company are both protected by the exclusive remedy provision of the TWCA. Section 91.042(c); *Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 594 (Tex. 2000); *Vega*, 223 S.W.3d at 748.

Synergy did not offer evidence that Alliance Savings Co., Inc. was a licensed staff leasing services company. Synergy cannot, therefore, claim the benefit of Alliance Savings Co., Inc.'s workers' compensation insurance. *Hodges v. Tex. TST, Inc.*, 303 S.W.3d 880, 882 (Tex.

4

App.—Eastland 2009, no pet.). The SLSA provides that a license holder and its client company are co-employers for workers' compensation insurance purposes. Section 91.042(c). Co-employer status of a client company depends on the staff leasing services company being a license holder. Because Synergy failed to establish that Alliance Savings Co., Inc. was a license holder, Synergy and Alliance Savings Co., Inc. could not be co-employers of Thompson under the SLSA, and Synergy was not protected by the exclusive remedy provision in the TWCA by virtue of the SLSA. *See id.*

During trial, Synergy introduced into evidence a copy of a Staff Leasing Services License that was issued to "Alliance Staffing Solutions, Inc." However, Synergy did not present evidence explaining the relationship, if any, between Alliance Savings Co., Inc. and Alliance Staffing Solutions, Inc. In the summary judgment proceedings and in its motion for JNOV, Synergy attempted to establish that Alliance Savings Co., Inc. was doing business under the name, Alliance Staffing Solutions, Inc. As stated above, we cannot consider summary judgment evidence or exhibits to Synergy's motion for JNOV that were not admitted at trial.

Even if we could consider the summary judgment evidence and the motion-for-JNOV exhibits, we would conclude that Synergy failed to meet its burden of showing that Alliance Savings Co., Inc. was a license holder. Section 91.011 of the SLSA prohibits a person from engaging in staff leasing services without a license. In this case, Alliance Staffing Solutions, Inc. was the license holder. Section 91.018(a) prohibits a license holder from conducting business "under any name other than that specified in the license" or "under any fictitious or assumed name without prior written authorization from the department." Section 91.018(a) also provides that licenses issued under the SLSA are not assignable. Based on these provisions, Alliance Staffing Solutions, Inc. could not conduct business under any other name, such as Alliance Savings Co., Inc.

Synergy did not raise an affirmative defense that Thompson was its borrowed servant at the time of his accident. *See Hodges*, 303 S.W.3d at 882; *Wesby v. Act Pipe & Supply, Inc.*, 199 S.W.3d 614, 617–18 (Tex. App.—Dallas 2006, no pet.); *see also Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 146–49 (Tex. 2003). Nor did Synergy raise an affirmative defense of waiver or election of remedies based on Thompson's acceptance of workers' compensation benefits after his accident. *See Medina v. Herrera*, 927 S.W.2d 597, 599–600 (Tex. 1996); *Berry v. Gregg Indus. Servs., Inc.*, 907 S.W.2d 4, 6 (Tex. App.—Tyler 1994, writ denied). Rather, Synergy's exclusive remedy defense was based on the SLSA.

The evidence did not conclusively establish Synergy's exclusive remedy defense. Therefore, the trial court did not err when it denied Synergy's motion for JNOV. Synergy's appellate issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


December 6, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[1]

---

[1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.