Nancy VEGA, Appellant

v.

Carmen J. SILVA and Mid–America Services, Inc., Appellees.

No. 05–06–00257–CV.

Court of Appeals of Texas, Dallas.

May 7, 2007.

---

Luke F. Bickham, Negem, Bickham & Worthington, Tyler, for appellant.

Brian Eberstein, Shelly Greco, Eberstein & Witherite, LLP, Robert Dickey, Law Offices of Jessica Stettler, Thad D. Spalding, Hermes Sargent Bates, L.L.P., Dallas, for appellee.

Before Justices MORRIS, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Nancy Vega filed a lawsuit against Carmen J. Silva and Mid–America Services, Inc. seeking damages for personal injuries she sustained in an automobile accident. On the day of the accident, Vega and Silva were employees of AMS Staff Leasing, N.A., Inc. and were assigned to work for Mid–America, AMS's client company. Silva was transporting several AMS employees, including Vega, to work at Mid–America in a van owned and maintained by Mid–America when the accident occurred. Vega claimed Silva's negligence caused the accident, and she sought to hold Mid–America liable for her damages on a theory of *respondeat superior.* Silva and Mid–America filed motions for summary judgment, arguing that AMS was covered by workers' compensation insurance, that AMS's policy also covered them, and that Vega's claims were barred by the exclusive remedy provision of the Texas Workers' Compensation Act.[1] Vega contended the exclusive remedy provision of the workers' compensation act did not apply to Silva and Mid–America because AMS's policy did not name Mid–America as an insured and because there was no separately is-

---

1. *See* TEX. LAB.CODE ANN. § § 406.034(a), 408.001(a) (Vernon 2006).

sued policy in Mid–America's name. The trial court granted Silva's and Mid–America's motions. We affirm the order of the trial court.

## STANDARD OF REVIEW

█ The standard for reviewing an order granting a traditional summary judgment is well established. *Selz v. Friendly Chevrolet, Ltd.,* 152 S.W.3d 833, 836 (Tex. App.-Dallas 2005, no pet.); *see Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). To prevail, a defendant moving for traditional summary judgment must either negate at least one element of the plaintiff's theory of recovery or plead and conclusively prove each element of an affirmative defense. TEX.R. CIV. P. 166a(c); *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996). We note that whether the exclusive remedy provision of the workers' compensation act applies is an affirmative defense. *See Exxon Corp. v. Perez,* 842 S.W.2d 629, 631 (Tex.1992); *Wesby v. Act Pipe & Supply, Inc.,* 199 S.W.3d 614, 619 (Tex.App.-Dallas 2006, no pet.); *Pierce v. Holiday,* 155 S.W.3d 676, 678 (Tex.App.-Texarkana 2005, no pet.).

## DISCUSSION

█ Vega's primary argument below and on appeal is that Mid–America is not covered by AMS's workers' compensation insurance policy because the policy did not name Mid–America as an insured and there was no separately issued policy naming Mid–America as an insured. Vega cites *Garza v. Exel Logistics, Inc.,* 161 S.W.3d 473 (Tex.2005), to support her argument, contending the supreme court in *Garza* "was faced with the exact same fact scenario" as in this case. Silva and Mid–America argue *Garza* does not control the outcome of this appeal because AMS is a staff leasing company subject to the Staff Leasing Services Act[2] (SLSA), not a temporary employment agency like the company in *Garza.* They argue that, under the SLSA, Mid–America is covered by the same policy of workers' compensation insurance that was issued to AMS. We agree with Silva and Mid–America.

The issue in *Garza* was whether a workers' compensation insurance policy covering a temporary employment agency also provided coverage for the agency's client company. *Id.* at 474. The court concluded it did not. *Id.* at 478. However, the court distinguished the situation involving a temporary employment agency, which was the situation in *Garza,* from the situation involving a staff leasing company under the SLSA, which is the situation here. *See id.* at 478–79.

█ The *Garza* court also noted that under section 91.042(a) of the SLSA, it is the staff leasing company's exclusive decision whether to elect or deny workers' compensation insurance coverage. *Id.* at 478 (citing TEX. LAB.CODE ANN. § 91.042(a)); *Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.,* 35 S.W.3d 591, 594 (Tex.2000). If the staff leasing company elects to obtain coverage, the policy also covers the client company. *Garza,* 161 S.W.3d at 478; TEX. LAB.CODE ANN. §§ 91.006(a), 91.042(c). Additionally, under subsection (c), the staff leasing company and the client company are considered co-employers for purposes of the staff leasing company's decision to elect or deny workers' compensation insurance coverage. *Del Indus., Inc.,* 35 S.W.3d at 593–94. As a result, both the staff leasing company and the client company are subject to the exclusive remedy provision of the workers' compensation act. *Garza,* 161 S.W.3d at 478; *Del Indus., Inc.,* 35 S.W.3d at 594; *see* TEX. LAB.CODE ANN. §§ 91.006(a), 91.042(c).

**2.** *See* TEX. LAB.CODE ANN. § § 91.001–.063 (Vernon 2006).

Here, Vega does not dispute Silva's and Mid–America's summary judgment evidence showing that AMS is a staff leasing license holder under the SLSA; that Mid–America is AMS's client company; that Silva was acting in the course and scope of her employment, for workers' compensation purposes, at the time of the accident; and that AMS was covered by workers' compensation insurance.

We conclude Silva and Mid–America conclusively proved the affirmative defense that the exclusive remedy provision of the workers' compensation act applies in this case. Accordingly, the trial court did not err by granting Silva's and Mid–America's motions for summary judgment.

We overrule Vega's first issue. Because of our disposition of Vega's first issue, we do not reach Vega's second issue.

We affirm the trial court's judgment. Tex.R.App. P. 43.2(a).