**Leonardo RODRIGUEZ, Appellant**

v.

**LOCKHART CONTRACTING SERVICES, INC. a/k/a Lockhart Contracting Services, Appellee**

**No. 04–15–00654–CV**

Court of Appeals of Texas,
San Antonio.

Delivered and Filed: June 29, 2016

---

Emma Karina Cano, Mary A. Keeney, for Lockhart Contracting Services, Inc. a/k/a Lockhart Contracting Services.

Jeff Small, Nadine Nieto, for Leonardo Rodriguez.

Sitting: Sandee Bryan Marion, Chief Justice, Marialyn Barnard, Justice, Luz Elena D. Chapa, Justice

## OPINION

Opinion by: Marialyn Barnard, Justice

This is an appeal from a summary judgment in favor of appellee Lockhart Contracting Services, Inc. a/k/a Lockhart Contracting Services ("Lockhart Contracting") in a suit involving the applicability of the exclusive remedy provision of the Texas Workers' Compensation Act. On appeal, appellant Leonardo Rodriguez contends the trial court erred in granting summary judgment in favor of Lockhart Contracting. We reverse the trial court's judgment and remand the matter for further proceedings.

## BACKGROUND

Rodriguez claims he was hired by John Lockhart of Lockhart Contracting on February 18, 2011, at a Lockhart Contracting jobsite in Sweetwater, Texas. Both parties agree that on the 18th, Rodriguez signed several documents relating to his employment. At the time Rodriguez began working at Lockhart Contracting, it had a professional employer services agreement with Accent Professional Payroll Services, Inc. f/k/a Texas Diversification Workforce Inc. f/d/b/a TXWorks ("TXWorks"). TXWorks is a licensed Professional Employer Organization ("PEO"), an entity previously known as a staff leasing company. Lockhart Contracting contends the documents signed by Rodriguez on the 18th "enroll[ed] him as an employee of TXWorks with an effective hire date of February 14, 2011." Lockhart Contracting claims Rodriguez also signed documents acknowledging he was covered by workers' compensation insurance and his employment was a "co-employment arrangement" with a licensed PEO—TXWorks—and its client—Lockhart Contracting.

The summary judgment evidence shows Lockhart Contracting's employer services agreement with TXWorks was administratively terminated on March 14, 2011, and Lockhart Contracting entered into a new agreement with Prime Source Too ("Prime Source")—another licensed PEO—effective the very next day. A director for both TXWorks and Prime Source, Vance Yarter, testified that when TXWorks terminated its contract with Lockhart, "all TXWorks employees were *transferred* to" Prime Source and were then subject to the new services agreement between Lockhart Contracting and Prime Source. (emphasis added)

On March 15 or 16, 2011, Rodriguez was injured while working at a Lockhart Con-

tracting jobsite in Huntsville, Texas.[1] According to Rodriguez, he was carrying a sixteen-foot-long concrete form when he fell into an uncovered hole. After he was injured, Rodriguez claims he called Billy Lockhart of Lockhart Contracting to see "if Lockhart would be paying for my medical bills." Unable to reach Billy Lockhart or anyone else at Lockhart Contracting, Rodriguez testified he then called TXWorks, the company listed on his pay stub. Thereafter, on March 29, 2011, a woman named Eva Moran faxed him two forms which he was to complete and return. The forms were titled "Employee's Report of Accident/Injury" and "Employee Acknowledgment of Workers' Compensation Network." Rodriguez completed the forms and faxed them to TXWorks on March 31, 2011. The record shows TXWorks submitted the claim to Texas Mutual Insurance Company ("TMIC") on April 5, 2011. However, an affidavit submitted by Lockhart Contracting asserts the claim was transferred to the workers' compensation insurance policy held by Prime Source when a manager at TMIC learned Lockhart Contracting had changed PEOs before the accident. The record shows the transfer took place months after TMIC completed workers' compensation payments to Rodriguez and his medical providers.

As a result of Rodriguez's claim, TMIC paid over $26,000.00 to medical providers who treated Rodriguez for his injuries. TMIC also paid Rodriguez temporary income benefits in the amount of $255.00 a week for seventy-five weeks. A doctor ultimately gave Rodriguez a permanent impairment rating of five percent, entitling him to temporary income benefits for an additional fifteen weeks. The last weekly payment was made to Rodriguez in early 2013. Rodriguez was paid almost $26,000.00 in income benefits. Thus, in total, TMIC paid out almost $52,000.00 in workers' compensation benefits associated with Rodriguez's injury.

After Rodriguez received his final temporary income benefits check, he filed suit against Lockhart Contracting and TXWorks. In his original petition, Rodriguez asserted negligence claims against both entities. However, upon discovering the employer services agreement between TXWorks and Lockhart Contracting had expired prior to the accident, Rodriguez amended his petition, maintaining his negligence claim against Lockhart Contracting—contending Lockhart Contracting was his employer and a nonsubscriber—but amending his claim against TXWorks to assert only a claim for fraud.

Ultimately, Lockhart Contracting filed a traditional motion for summary judgment, which was subsequently amended. In its amended motion, Lockhart Contracting alleged Rodriguez's suit is barred by what is commonly referred to as the exclusive remedy provision of the Texas Workers' Compensation Act ("TWCA"), which is found in Section 408.001(a) of the Texas Labor Code, and states in pertinent part:

> Recovery of workers' compensation is the exclusive remedy of an employee covered by workers' compensation insurance coverage ... for ... a work-related injury sustained by the employee.

Lockhart Contracting first claimed that by virtue of its agreement with Prime Source—a professional employer organization—it was covered by workers' compensation insurance on the day of Rodriguez's

---

1. In his affidavit, Rodriguez claimed the events giving rise to this case occurred on March 15th. However, the records of the workers' compensation carrier show the date as March 16th. Both Rodriguez and Lockhart Contracting agree the discrepancy is irrelevant.

injury, and therefore Rodriguez was limited to recovery under the TWCA. Lockhart Contracting alternatively alleged Rodriguez was barred from bringing suit against Lockhart Contracting because he accepted benefits under the workers' compensation insurance policy—an equitable, quasi-estoppel theory. Rodriguez filed a response to Lockhart Contracting's motion for summary judgment. Rodriguez claimed: (1) he was not a Prime Source employee at the time of the accident, and therefore, even if Lockhart Contracting had coverage through its agreement with Prime Source, such coverage was not applicable to his accident; and (2) even if he was a Prime Source employee, the agreement between Lockhart Contracting and Prime Source did not comply with the requirements of the provisions of the Labor Code applicable to such agreements, thereby negating coverage. Rodriguez also asserted that his acceptance of benefits is irrelevant to his right to bring suit against Lockhart Contracting.

The motion, response, and accompanying evidence were submitted to the trial court. The trial court rendered an order granting Lockhart Contracting's motion for summary judgment—a partial summary judgment given that Rodriguez's fraud claim against TXWorks was still pending. Thereafter, Lockhart Contracting filed a motion for severance and entry of final judgment. The trial court granted the motion, severing Rodriguez's claims against Lockhart Contracting from his claim against TXWorks thereby rendering a final summary judgment in favor of Lockhart Contracting. Rodriguez perfected this appeal.

## ANALYSIS

On appeal, Rodriguez contends the trial court erred in granting summary judgment in favor of Lockhart Contracting. Rodriguez argues Lockhart Contracting was not entitled to summary judgment because it was not entitled to the benefit of the exclusive remedy provision of the TWCA. More specifically, Rodriguez claims: (1) Lockhart Contracting failed to prove as a matter of law that Rodriguez was employed by Prime Source at the time of the accident; and (2) even if Rodriguez was employed by Prime Source, Lockhart Contracting failed to prove as a matter of law (a) its agreement with Prime Source complied with certain provisions in Chapter 91 of the Labor Code regarding "sharing requirements," particularly that its agreement with Prime Source, the PEO, gave Prime Source the right to share in the right to hire, fire, discipline, and reassign leased employees, or (b) that Prime Source provided Rodriguez with the required statutory notice of coverage. In his reply brief, Rodriguez also contends the acceptance of benefits doctrine is inapplicable.

## Standard of Review

Lockhart Contracting filed a traditional motion for summary judgment, asserting Rodriguez's negligence claim was barred by the exclusive remedy provision of the TWCA as set out in section 408.001(a) of the Texas Labor Code. *See* TEX.R. CIV. P. 166a(c); *see also* TEX. LAB.CODE ANN. § 408.001(a) (West 2015). We review a traditional summary judgment de novo. *Cantey Hanger, LLP v. Byrd,* 467 S.W.3d 477, 481 (Tex.2015); *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). A traditional summary judgment motion is properly granted when the movant establishes there are no genuine issues of material fact and it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Cantey Hanger,* 467 S.W.3d at 481; *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). "When reviewing a summary judgment, we

take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Cantey Hanger,* 467 S.W.3d at 481 (quoting *Dorsett,* 164 S.W.3d at 661). When a defendant moves for summary judgment based on an affirmative defense, such as the exclusive remedy provision of the TWCA, the defendant has the burden to prove each essential element of that defense. *See id.; Frost Nat'l Bank v. Fernandez,* 315 S.W.3d 494, 508 (Tex.2010). If the defendant fails to prove as a matter of law each essential element of the asserted affirmative defense, summary judgment is improper. *Rico v. Judson Lofts, Ltd.,* 404 S.W.3d 762, 765 (Tex.App.–San Antonio 2013, pet. denied).

### Applicable Law

Unlike workers' compensation laws in other states, the TWCA permits private Texas employers to choose whether to subscribe to workers' compensation insurance. *Port Elevator–Brownsville v. Casados,* 358 S.W.3d 238, 241 (Tex.2012) (citing Tex. Lab.Code Ann. § 406.002(a); *Lawrence v. CDB Servs., Inc.,* 44 S.W.3d 544, 552 (Tex. 2001)). The Texas Legislature adopted the TWCA to benefit employers and employees. *Id.; Rico,* 404 S.W.3d at 765. For employers, the TWCA limits liability through its exclusive remedy provision. *Casados,* 358 S.W.3d 238, 241 (citing Tex. Lab.Code Ann. § 408.001(a); *Tex. Workers' Comp. Comm'n v. Garcia,* 893 S.W.2d 504, 511 (Tex.1995)). It provides employees with swift compensation for injuries sustained in the course and scope of their employment, without proof the injuries

were the fault of the employer. *Id.* (citing Tex. Lab.Code Ann. § 406.031(a)(1), (2) (West 2006); *HCBeck, Ltd. v. Rice,* 284 S.W.3d 349, 350 (Tex.2009); *Garcia,* 893 S.W.2d at 511). Because the TWCA benefits employers and employees, the Texas Supreme Court has held it should be construed "liberally in favor of coverage." *Id.; Rico,* 404 S.W.3d at 765.

The TWCA states that "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage."[2] Tex. Lab.Code Ann. § 408.001(a); *Rico,* 404 S.W.3d at 765. This section of the Texas Labor Code, commonly referred to as the exclusive remedy provision, is an affirmative defense that, if proven, protects employers from certain common law claims of their employees, including negligence—the claim brought by Rodriguez against Lockhart Contracting. *See Rico,* 404 S.W.3d at 765. An employer who subscribes to workers' compensation insurance may raise the exclusive remedy provision as a bar to negligence claims, such as the one brought in this case. *See Casados,* 358 S.W.3d at 242; *Rico,* 404 S.W.3d at 765. An employee is covered by workers' compensation insurance if his employer has an approved insurance policy covering the payment of workers' compensation benefits to its employees. *See Casados,* 358 S.W.3d at 242; *Rico,* 404 S.W.3d at 765.

■ An employee may also be covered by workers' compensation insurance—and therefore subject to the exclusive remedy provision of the TWCA—if he enters employment with a professional employment

---

**2.** An employee is covered by workers' compensation insurance if his employer has an approved insurance policy covering the payment of workers' compensation benefits to its employees. *Morales v. Martin Resources, Inc.,* 183 S.W.3d 469, 471 (Tex.App.–Eastland 2005, no pet.) (citing Tex. Lab.Code Ann. § 401.0011(44)(A) (defining "workers' compensation insurance coverage" as "an approved insurance policy to secure the payment of compensation")).

organization that has elected to obtain workers' compensation insurance coverage and has a professional services agreement with a client for whom the employee actually works. *See, e.g., Tex. Workers' Compensation Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593–95 (Tex.2000); *Synergy Mgmt. Group, L.L.C. v. Thompson*, 398 S.W.3d 843, 846 (Tex.App.–Eastland 2012, no pet.); *AMS Constr. Co., Inc. v. K.H.K. Scaffolding Houston, Inc.*, 357 S.W.3d 30, 37–38 (Tex.App.–Houston [1st Dist.] 2011, pet. dism'd); *Vega v. Silva*, 223 S.W.3d 746, 748 (Tex.App.–Dallas 2007, no pet.). The relationship between the professional employment organization, employee, and client is governed by Chapter 91 of the Texas Labor Code, the Professional Employer Organization Act, formerly known as the Staff Leasing Services Act.[3] *See* Tex. Lab.Code Ann. § 91.001–.062 (current statute); Act of May 11, 1995, 74th Leg., R.S., ch. 76, § 9.20, 1995 Gen. Laws 635–43 (amended 2013) (current version at Tex. Lab.Code Ann. § 91.001–.062); *Del Indus., Inc.*, 35 S.W.3d at 593–95 (recognizing Chapter 91 as Staff Leasing Services Act); *Thompson*, 398 S.W.3d at 846 (same); *AMS Constr. Co.*, 357 S.W.3d at 37–38 (same); *Vega*, 223 S.W.3d at 748 (same). Pursuant to the provisions in Chapter 91, and interpretive case law, the PEO and the client have a "coemployment relationship" and are "coemployers" "to the extent of the consequences of the [PEO's] decision to elect or deny workers' compensation insurance coverage." *Del Indus., Inc.*, 35 S.W.3d at 593–95; *see* Tex. Lab. Code Ann. § 91.042(c); *Thompson*, 398 S.W.3d at 846; *AMS Constr. Co.*, 357 S.W.3d at 37–38; *Vega*, 223 S.W.3d at 748.

The "coemployment relationship," *see* Tex. Lab.Code Ann. § 91.011(3–b), is created when the "client," *see id.* § 91.001(3), enters into a written professional employer services agreement with a "license holder." *See id.* § 91.001(11). The license holder is referred to as a "professional employer organization" or PEO. *Id.* § 91.001(15). "Professional employer services" are services provided through coemployment relationships in which all or most of the employees providing services to a client are covered employees, i.e., individuals having a coemployment relationship with a PEO and a client. *Id.* § 91.001(14). The "coemployment relationship" is defined as a contractual relationship between a client and a PEO that involves sharing of employment responsibilities to covered employees in accordance with Chapter 91 of the Texas Labor Code. *Id.* § 91.001(3–b).

Generally speaking, if either coemployer has elected to acquire coverage under the TWCA, the worker is covered under the TWCA and subject to its mandates, including the exclusive remedy bar—assuming, of course, the worker was in the course and scope of his employment at the time of the injury and the suit is for those claims covered by the TWCA. *See id.* § 91.006(a) (stating that evidence showing that either PEO or client maintains workers' compensation insurance coverage is proof of coverage for PEO and client with respect to covered employees of both); *id.* § 91.042(c) (stating that for purposes of workers' compensation insurance, if either PEO or client elects to obtain workers' compensation insurance for covered employees, they are entitled to, among other

---

**3.** At the time of Rodriguez's accident, the former version of Chapter 91 was in effect. However, for our purposes, the amendments to Chapter 91, which became effective September 1, 2013, are of no substantive consequence. Accordingly, we will reference the current versions of the applicable provisions in Chapter 91. *See* Act of May 11, 1995, 74th Leg., R.S., ch. 76, § 9.20, 1995 Gen. Laws 635–43 (amended 2013) (current version at Tex. Lab.Code Ann. § 91.001–062).

things, benefit of exclusive remedy bar); *Casados,* 358 S.W.3d at 242; *Wingfoot Enters. v. Alvarado,* 111 S.W.3d 134, 140 (Tex.2003); *Del Indus., Inc.,* 35 S.W.3d at 594. If a client establishes it was an employer and was covered by a workers' compensation policy—including a policy held by PEO, the client (and the PEO) is entitled to rely upon the exclusive remedy defense in the TWCA. *Casados,* 358 S.W.3d at 243; *Wingfoot,* 111 S.W.3d at 140; *see* TEX. LAB.CODE ANN. § 408.001(a). As stated in *Wingfoot,* "The [Professional Employer Organization Act] contemplates that one workers' compensation policy procured by the PEO will cover employees leased to a client company and that both the PEO and the client may rely on the exclusive remedy provision of the Workers' Compensation Act." 111 S.W.3d at 140 (citing TEX. LAB.CODE ANN. §§ 91.006(a), 91.042(d)).

### Application

1. *Did Lockhart Contracting Conclusively Prove Rodriguez Was a Prime Source Employee?*

■ We begin with Rodriguez's assertion that Lockhart Contracting was not entitled to summary judgment because there is more than a scintilla of evidence showing he was not a Prime Source employee at the time of the accident. If the court—looking at the evidence through the lens of the applicable standard of review—determines there is some evidence Rodriguez was not a Prime Source employee at the time of his accident, we must hold the trial court erred in granting summary judgment on the basis that Rodriguez's suit against Lockhart Contracting was barred by the exclusive remedy provision of the TWCA. *See Casados,* 358 S.W.3d at 243; *Wingfoot,* 111 S.W.3d at 140; *Del Indus., Inc.,* 35 S.W.3d at 593–95; *see* TEX. LAB.CODE ANN. § 408.001(a); *see also* TEX.

LAB.CODE ANN. §§ 91.006(a), 91.042(d); *Rico,* 404 S.W.3d at 765.

The summary judgment evidence establishes that until March 14, 2011, Lockhart Contracting had a professional services agreement with TXWorks, a licensed PEO that maintained workers' compensation for its employees and those assigned to work for Lockhart Contracting. When Rodriguez was hired in February 2011, he completed paperwork enrolling him as a TXWorks employee. The "Employee Services Agreement" signed by Rodriguez specifically stated, "I am an employee of TXWorks...." It is undisputed, however, that on March 14, 2011, TXWorks terminated its agreement with Lockhart Contracting, and the next day Lockhart Contracting entered into a professional services agreement with Prime Source. Thus, on the day of Rodriguez's accident—March 15th or 16th—Lockhart Contracting no longer had an agreement with TXWorks, but had a new agreement with Prime Source. It is undisputed that Prime Source—the new PEO—had also elected to obtain workers' compensation insurance and that such insurance covered those employed by Prime Source, including those assigned to work for coemployer Lockhart Contracting—the client. *See* TEX. LAB.CODE ANN. § 91.006(a). The question is, does the summary judgment evidence establish as a matter of law that on the day of the accident Rodriguez was a Prime Source employee as opposed to a TXWorks employee?

In support of its contention that Rodriguez was a Prime Source employee on the day of the accident, Lockhart Contracting produced the affidavit of Vance Yarter. Mr. Yarter testified he is a director of both TXWorks and Prime Source. He described both companies as staff leasing services companies, i.e., PEOs. According to Mr. Yarter, the professional services

agreement between TXWorks and Lockhart Contracting was terminated by TXWorks on March 14, 2011, "for administrative reasons." The next day—March 15, 2011, Prime Source and Lockhart Contracting entered into a professional services agreement, which was effective as of the day it was entered.

Mr. Yarter admitted Rodriguez did not receive notice of the new agreement and never completed employment paperwork with Prime Source, explaining Rodriguez was terminated before Prime Source was required to give notice and Prime Source was unable to locate Rodriguez so he might complete the employment documents. Mr. Yarter further explained that despite the foregoing, when TXWorks "terminated its employer services agreement with Lockhart, all TX Works employees were *transferred* to [Prime Source] and were subject to the new employer services agreement between [Prime Source] and Lockhart." (emphasis added) In support of his statement regarding the transfer of employees from one PEO to the other, Mr. Yarter cited the professional services agreement between Prime Source and Lockhart Contracting. However, he cites no specific provision within the agreement (or within the prior TXWorks agreement) that speaks to a transfer of employees from the prior PEO to Prime Source. Nevertheless, Mr. Yarter stated that as a result of the transfer, Rodriguez "was hired by" Prime Source and all of the employment documents he completed for TXWorks were transferred to Prime Source. Mr. Yarter specifically concluded that on the day of the accident—due to the "transfer" of employees—Rodriguez was a Prime Source employee covered under workers' compensation insurance obtained by Prime Source and applicable to employees assigned to Lockhart Contracting.

As further support of his contention that Rodriguez was a Prime Source employee, Mr. Yarter testified and authenticated documentation showing Rodriguez was paid by TXWorks through March 14, 2011, and that thereafter, he was paid by Prime Source. In a supplemental affidavit he testified that on March 25, 2011—after the accident, Rodriguez received a paycheck reflecting his earned wages. A copy of the check, indicating the payor was Prime Source and which appeared to be endorsed by Rodriguez, was attached to Mr. Yarter's affidavit.

Lockhart Contracting also produced deposition testimony from Mr. Yarter, much of which mimicked his affidavit testimony. However, there was some information provided in the deposition that was not included in the affidavit. In his deposition, Mr. Yarter admitted he owns a fifty percent interest in TXWorks as well as a forty-seven and a half percent interest in Prime Source. In addition to acting as a director for both PEOs, Mr. Yarter is also the "operations" officer for both organizations. As to Rodriguez's relationship with Prime Source, Mr. Yarter stated Rodriguez worked for Prime Source from March 15, 2011 to March 17, 2011, claiming Rodriguez "quit" on March 17th. As to how Rodriguez became a Prime Source employee, Mr. Yarter testified "we took the paperwork and assigned it to [Prime Source] from Tx Works and got a new contract with Lockhart for [Prime Source]." Mr. Yarter admitted he "would have gotten paperwork—new paperwork filled out on him."

In addition to Mr. Yarter's testimony, Lockhart Contracting also produced an "Employee's Report of Accident/Injury" that was completed and signed by Rodriguez on March 31, 2011. At the top of the accident report is a Prime Source logo. The logo was actually for Prime Source

Management as opposed to Prime Source, which Mr. Yarter admitted were two wholly different entities. Rodriguez claimed this is some evidence he did not work for Prime Source. Mr. Yarter explained this was a clerical error; Rodriguez should have been provided a Prime Source accident form.

Lockhart Contracting also produced an affidavit from Robert W. Seligman, a Senior Manager of Special Claim Services at TMIC—the workers' compensation insurer for both TXWorks and Prime Source. Mr. Seligman testified that on April 5, 2011, TMIC received notice that Rodriguez was injured on March 15th during the course and scope of his employment. After an investigation, TMIC determined coverage existed and the claim was compensable. TMIC received medical bills from the providers treating Rodriguez, and TMIC paid those bills, which totaled $26,021.30. TMIC also paid Rodriguez benefits. In total, TMIC paid $51,717.30 in workers' compensation benefits "to or on behalf of" Rodriguez with regard to the March 15, 2011 injury.

Mr. Seligman admitted the claim was initially reported to TMIC by TXWorks and placed on its policy of insurance. However, Mr. Seligman averred that sometime before September 11, 2014, he discovered Lockhart Contracting "had moved from [TXWorks] to another staff leasing company on March 15, 2011, the date of the incident." Based on this discovery, Mr. Seligman determined Rodriguez's claim needed to be placed on Prime Source's workers' compensation insurance policy. Mr. Seligman "confirmed" this with Cecilia Vela, the Loss Control and Risk Manager for TXWorks *and* Prime Source. Based on Ms. Vela's confirmation, TMIC transferred the claim from TXWorks to Prime Source on September 11, 2014.

Based on the foregoing, Lockhart Contracting contends it was entitled to summary judgment because its evidence conclusively established: (1) there was a professional services agreement between itself and Prime Source effective March 15, 2011; (2) as a result of the agreement, Lockhart Contracting—as client—and Prime Source—as PEO—were coemployers; (3) Prime Source had workers' compensation insurance through TMIC that covered its employees assigned to Lockhart Contracting; (4) Rodriguez, a former TXWorks employee, was transferred to Prime Source effective March 15, 2011, as a result of the new agreement between Lockhart Contracting and Prime Source; and (5) because Rodriguez was a Prime Source employee, the exclusive remedy bar precludes his legal action against Lockhart Contracting. We disagree. In fact, Lockhart Contracting's own summary judgment evidence establishes there is a fact issue as to whether Rodriguez was a Prime Source employee. After reviewing and analyzing the summary judgment evidence pursuant to the proper standard of review, we hold there is more than a scintilla of evidence that Rodriguez was not a Prime Source employee at the time of his injury, precluding coverage for the injury suffered by Rodriguez on the Lockhart Contracting jobsite.

As part of its summary judgment evidence, Lockhart Contracting submitted the professional services agreement between itself and Prime Source. The agreement states, in pertinent part:

All employees assigned to [Lockhart Contracting's] worksite(s) by [Prime Source] shall be covered by [Prime Source's] workers' compensation insurance in compliance with applicable laws and regulations. [Prime Source's] workers' compensation insurance will not cov-

er any person(s) performing services for [Lockhart Contracting] who are not covered by this Agreement and not on [Prime Source's] payroll. [Lockhart Contracting] understands, agrees, and acknowledges that *no person shall become employed by [Prime Source], be covered by [Prime Source's] workers' compensation insurance or another benefit or term or condition of employment, or be issued a payroll check unless that person has, prior to commencing such employment, completed [Prime Source's] applications, W–4 withholding form and form 1–9*, all of which must be delivered to [Prime Source] before the person commences employment. *Prime Source shall not be considered an employer for any person until that individual completes these forms* and [Lockhart Contracting] is notified that the person has been hired by [Prime Source].

(emphasis added) When this provision of the professional services agreement is viewed in the light most favorable to Rodriguez and all inferences therefrom are indulged in his favor, we hold it creates a fact issue as to whether Rodriguez was a Prime Source employee.

Per the agreement, Rodriguez could not be an employee until he—prior to employment—completed a Prime Source employment application and other attendant paperwork. Mr. Yarter admitted during his deposition that no Prime Source paperwork was completed by Rodriguez when he testified Prime Source "would have gotten paperwork—new paperwork filled out on him." Lockhart Contracting contends this provision of the agreement does not create a fact issue because the paragraph begins with the statement that "All employees assigned to [Lockhart Contracting's] worksite(s) shall be covered by [Prime Source's] workers' compensation insurance in compliance with all applicable laws and regulations." Lockhart Con-

tracting reasons that as a "transferred employee," Rodriguez falls within the "assigned" employee category, and therefore he is covered by Prime Source's workers' compensation insurance, and the portion of the provision related to completing paperwork is inapplicable because it applies only to employees who were not assigned by Prime Source to Lockhart Contracting. This is circular logic. According to Lockhart Contracting, Rodriguez is covered by Prime Source's workers' compensation insurance because he was an employee assigned by Prime Source to a Lockhart Contracting worksite. However, before Rodriguez could be "assigned" by Prime Source to a worksite he had to first actually *be* a Prime Source employee—it is axiomatic that Prime Source could not assign a person to work for a client unless that person was already a Prime Source employee. And, per the unambiguous terms of the provision quoted above, to become a Prime Source employee covered by workers' compensation, a person must complete the requisite paperwork and return it to Prime Source, which by Mr. Yarter's own admission, Rodriguez did not do. The provision specifically provides that "Prime Source shall not be considered an employer for any person until that individual completes these forms and [Lockhart Contracting] is notified that the person has been hired by [Prime Source]." There is no ambiguity with regard to this portion of the provision at issue.

In an effort to preclude reliance on the terms of its agreement with Prime Source, Lockhart Contracting argues Rodriguez, "as a stranger to the PEO agreement," cannot enforce the contractual provisions as he is neither a party to nor a beneficiary of that agreement. *See Tawes v. Barnes,* 340 S.W.3d 419, 425 (Tex.2011) (holding that in absence of clear and unequivocal expression of intent to directly

benefit third party, courts will not confer third-party beneficiary status); *MCI Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex.1999) (holding that presumption exists that parties contract for themselves); *Lesieur v. Fryar*, 325 S.W.3d 242, 252–53 (Tex.App.–San Antonio 2010, pet. denied) (holding that mere fact that incidental benefits may flow from contract to third party does not confer third-party beneficiary status on that party so as to allow him to enforce contract). However, Lockhart Contracting misconstrues Rodriguez's reference to the terms of its agreement with Prime Source. Rodriguez did not bring a breach of contract action against Lockhart Contracting. Thus, Rodriguez is not referencing the agreement in an attempt to enforce its provisions to obtain a benefit therefrom; rather, he is pointing out that for the purposes of summary judgment, the agreement defines who is an employee. Accordingly, we do not agree that Rodriguez's alleged inability to *enforce* the professional services agreement between Lockhart Contracting and Prime Source precludes our consideration of its terms with regard to determining whether a fact issue exists regarding Rodriguez's employment status for purposes of applicability of the exclusive remedy provision of the TWCA.

■ Much of Lockhart Contracting's argument is contingent on the theory presented by Mr. Yarter in his affidavit and deposition that Rodriguez was "transferred" from TXWorks to Prime Source when TXWorks "administratively" terminated its professional services agreement with Lockhart Contracting and Lockhart Contracting entered into a new professional services agreement with Prime Source. In support of this position, Lockhart Contracting relies on Mr. Yarter's testimony in which he concludes there was a transfer of employees, citing the agreement between Lockhart Contracting and Prime Source in support of this conclusion. We have reviewed the professional services agreement in its entirety and it states nothing about transfers of employees from one PEO to another upon termination of a preceding agreement. We also reviewed the agreement between TXWorks and Lockhart Contracting and it is, in essence, identical to the Lockhart Contracting/Prime Source agreement—saying nothing about a transfer of employees between PEOs upon termination of the agreement. In sum, neither of the professional services agreements speaks to a transfer of employees from one PEO to another. Mr. Yarter has not provided any underlying facts to support his conclusion that Rodriguez was transferred from TXWorks to Prime Source pursuant to the new professional services agreement between Lockhart Contracting and Prime Source. Accordingly, Mr. Yarter has done nothing more than express a factual inference without stating the underlying facts on which his inference is based, rendering his statement conclusory. *See La China v. Woodlands Operating Co., L.P.*, 417 S.W.3d 516, 520 (Tex.App.–Houston [14th Dist.] 2013, no pet.) (citing *Arkoma Basin Expl. Co. v. FMF Assocs. 1990–A, Ltd.*, 249 S.W.3d 380, 389 n.32 (Tex. 2008)). Conclusory statements are not proper summary judgment evidence. *Bastida v. Aznaran*, 444 S.W.3d 98, 105 (Tex.App.–Dallas 2014, no pet.); *McFarland v. Citibank (South Dakota), N.A.*, 293 S.W.3d 759, 762 (Tex.App.–Waco 2009, no pet.).

Therefore, because Mr. Yarter's testimony that Rodriguez was inexplicably "transferred" from one PEO to another is merely conclusory, and broad conclusory statements are not proper summary judgment evidence, Lockhart Contracting failed to establish as a matter of law that Rodriguez became a Prime Source employee as a result of some sort of trans-

fer. *See Bastida,* 444 S.W.3d at 105; *McFarland,* 293 S.W.3d at 762. And, contrary to Lockhart Contracting's position and Mr. Yarter's testimony, the agreement between Lockhart Contracting and Prime Source specifically speaks to the manner in which a person becomes an employee covered by Prime Source's workers' compensation insurance, and that is by completing and returning the documents identified in the agreement—something Rodriguez never did—not by transfer from another PEO. Thus, even if there was some evidence to support the transfer theory, a fact issue still exists given there is other evidence suggesting a transfer is not complete until the paperwork is done.

Moreover, Lockhart Contracting also included in its summary judgment proof the agreement completed and signed by Rodriguez in February 2011. That document specifically states: "I *Leonardo Rodriguez* (employee name), *REDACTED* (Social Security #), acknowledge and understand that by my signature *I am an employee of TXWorks* assigned to perform my job duties for, _____ (Client Company's name). (emphasis added) There is no corresponding document with regard to employment of Rodriguez by Prime Source. According to this document, Rodriguez was a TXWorks employee, waiting to be assigned to one of TXWorks' clients.

Then, there is the affidavit by Mr. Seligman from TMIC, which was also produced by Lockhart Contracting. As noted above, Mr. Seligman specifically states in his affidavit that Rodriguez's injury was reported to TMIC by TXWorks. The "Employer's First Report of Injury," confirms the accident report was sent to TMIC by TXWorks. TXWorks is named as Rodriguez's employer in the report. Indulging every reasonable inference from this summary judgment evidence in favor or Rodri-

guez, this is some evidence that at the time of the accident Rodriguez was a TXWorks employee. If Rodriguez was not a TXWorks employee at the time of the accident, why would TXWorks report the claim? When asked at his deposition to explain why, if Rodriguez was no longer a TXWorks employee, TXWorks would undertake to report the injury to TMIC, Mr. Yarter stated he could provide no other explanation other than to suggest it might have been a clerical error.

Moreover, Mr. Selig's affidavit and the attachments thereto establish TMIC paid Rodriguez pursuant to *TXWorks'* workers' compensation insurance policy, not the policy between TMIC and Prime Source. More specifically, the evidence shows the last payment made to or on behalf of Rodriguez was made on March 18, 2013. It was not until September 2014, after TMIC had made all applicable payments under TXWorks' policy, that Mr. Selig concluded Rodriguez's injury should have been assigned to the Prime Source policy—a conclusion confirmed only by contact with a Prime Source loss control and risk manager.

Finally, there is the responsive summary judgment evidence produced by Rodriguez. In his affidavit, Rodriguez stated that after his accident, when he was unable to contact anyone with Lockhart Contracting, he checked his last pay stub to determine who to call about his injury. Because TXWorks was the name on his pay stub, he contacted TXWorks. After he contacted TXWorks, he received two documents—"Employee's Report of Accident/Injury" and "Employee Acknowledgment of Workers' Compensation Network"—which he was told to complete and return to *TXWorks*. Rodriguez averred he never signed any employment documents for Prime Source and never "ac-

knowledged or consented to being 'transferred' to [Prime Source] from TXWorks."

As set forth above, an employee may be covered by workers' compensation insurance—and therefore subject to the exclusive remedy provision of the TWCA—*if he enters employment with a professional employment organization that has elected to obtain workers' compensation insurance coverage and has a professional services agreement with a client for whom the employee actually works.* See, e.g., Del Indus., Inc., 35 S.W.3d at 593–95; Synergy Mgmt. Group, L.L.C., 398 S.W.3d at 846; AMS Constr. Co., Inc., 357 S.W.3d at 37–38; Vega, 223 S.W.3d at 748. Thus, to be entitled to the exclusive remedy provision of the TWCA, it was incumbent upon Lockhart Contracting to establish as a matter of law that at the time of his accident, there was a professional services agreement between itself and Prime Source and Rodriguez was a Prime Source employee. See, e.g., Del Indus., Inc., 35 S.W.3d at 593–95; Synergy Mgmt. Group, L.L.C., 398 S.W.3d at 846; AMS Constr. Co., Inc., 357 S.W.3d at 37–38; Vega, 223 S.W.3d at 748. Although Lockhart Contracting established the existence of a professional services agreement between itself and Prime Source, taking all summary judgment evidence favorable to Rodriguez as true, indulging every reasonable inference in his favor, and resolving any doubts in his favor, we hold there is more than a scintilla of evidence that Rodriguez was not a Prime Source employee on the day he was injured. See Cantey Hanger, 467 S.W.3d at 481. Accordingly, because Lockhart Contracting failed to establish as a matter of law that Rodriguez was a Prime Source employee on the day of the accident, we hold Lockhart Contracting failed to establish as a matter of law that Rodriguez's suit is barred by the exclusive remedy provision of the TWCA. See id.; Frost Nat'l Bank, 315 S.W.3d at 508. Ac-

cordingly, the trial court erred in granting summary judgment in favor of Lockhart Contracting. See Rico, 404 S.W.3d at 765.

■ We note that on appeal, Lockhart Contracting makes an alternate argument with regard to Rodriguez's employment status. Specifically, Lockhart Contracting argues that if this court should determine Rodriguez was not a Prime Source employee at the time of his injury, but was instead an employee of TXWorks, his suit is still barred by the exclusive remedy provision because the TXWorks workers' compensation policy in effect at the time listed Lockhart Contracting as an insured and would bar Rodriguez's suit based on the exclusivity remedy provision of the TWCA. Whether this is accurate or not is irrelevant on appeal. Lockhart Contracting did not present this as a ground for summary judgment in its motion. Rather, in its motion for summary judgment, Lockhart Contracting sought to establish Rodriguez's suit was barred by the exclusive remedy provision of the TWCA because *he was an employee of Prime Source at the time of the accident* and Prime Source was covered by workers' compensation insurance. Lockhart Contracting did not raise employment with, or coverage through, TXWorks as an alternate ground for summary judgment. Texas law is clear that a summary judgment cannot be affirmed on grounds not expressly included in the motion and presented to the trial court. Henkel v. Norman, 441 S.W.3d 249, 251 n. 1 (Tex.2014) (citing Stiles v. Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex.1993)); Prize Energy Resources, L.P. v. Cliff Hoskins, Inc., 345 S.W.3d 537, 586–87 (Tex.App.–San Antonio 2011, no pet) (same). Moreover, Lockhart Contracting admitted and produced evidence establishing its agreement with TXWorks terminated the day before

Rodriguez's accident. Therefore, the agreement by which TXWorks agreed to provide workers' compensation insurance for its employees assigned to Lockhart Contracting no longer existed. We therefore fail to see how TXWorks' coverage would entitle Lockhart Contracting, which was no longer a client, to the exclusive remedy bar of the TWCA.

2. *Did Lockhart Contracting Conclusively Establish Compliance With Chapter 91?*

As an alternate appellate ground for reversing the trial court's summary judgment, Rodriguez contends Lockhart Contracting failed to prove as a matter of law that its professional services agreement with Prime Source complied with certain provisions of Chapter 91 of the Texas Labor Code. Specifically, Rodriguez contends Lockhart Contracting failed to prove as a matter of law its agreement with Prime Source complied with the statutory "sharing requirements" of section 91.032(a)(4). TEX. LAB.CODE ANN. § 91.032(a). Rodriguez also contends Prime Source failed to provide him with the required statutory notice of coverage pursuant to section 91.031. *Id.* § 91.031(b), (c). Rodriguez argues that because Lockhart Contracting failed to establish the professional services agreement complies with these provisions in Chapter 91, it was not entitled to summary judgment based on the exclusive remedy provision of the TWCA. In other words, in the absence of proof a proper professional services agreement between Lockhart Contracting and Prime Source, Lockhart Contracting cannot take safe harbor under Prime Source's workers' compensation coverage as they would not be coemployers pursuant to Chapter 91.

Because we have determined there is a fact issue as to whether Rodriguez was a Prime Source employee at the time of his injury, we need not address Rodriguez's

Chapter 91 issue as it is an alternate ground for reversing summary judgment. *See, e.g., Grynberg v. Grey Wolf Drilling Co., L.P.,* 296 S.W.3d 132, 140 (Tex.App.–Houston [14th Dist.] 2009, no pet.) (holding that because movant failed to establish entitlement to judgment as matter of law under provisions in Business and Commerce Code, reviewing court was not required to address additional argument regarding movant's failure to prove as matter of law that documents were sent to proper address); *Hogan v. J. Higgins Trucking, Inc.,* 197 S.W.3d 879, 887 (Tex. App.–Dallas 2006, no pet.) (holding that because fact issue existed under theory of control and existence of duty, reviewing court need not address other grounds creating possible fact issues) (citing *Fulcrum Cent. v. AutoTester, Inc.,* 102 S.W.3d 274, 280 (Tex.App.–Dallas 2003, no pet.) (holding that because fact issue existed on intent, reviewing court need not addressing remaining grounds that might great fact issue)).

3. *Is the Acceptance of Benefits Doctrine Applicable?*

Finally, Rodriguez claims the acceptance of benefits doctrine, an alternate ground raised by Lockhart Contracting in its motion for summary judgment, is inapplicable. However, we need not address this issue because it has not been preserved for our review.

■ When a party moves for summary judgment on multiple grounds and the trial court's order granting summary judgment does not specify the ground or grounds on which it was based, a party who appeals that order must negate all possible grounds upon which the order could have been granted by either asserting a separate issue challenging each possible ground, or asserting in a general issue that the trial court erred in granting

summary judgment and providing argument negating all possible grounds upon which summary judgment could have been granted. *Wasson Ints., Ltd. v. City of Jacksonville,* No. 14–0645, 2016 WL 1267697, at *9 n. 11 (Tex. Apr. 11, 2016) (citing *FM Properties Oper. Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex.2000)); *State v. Ninety Thousand Two Hundred Thirty–Five Dollars and No Cents in U.S. Currency ($90,235),* 390 S.W.3d 289, 292 (Tex.2013). However, when the trial court's summary judgment order specifies the ground or grounds upon which it was granted, we generally limit our consideration with regard to the propriety of the summary judgment to the ground or grounds upon which it was granted. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625–26 (Tex.1996) (citing *State Farm Fire & Cas., Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993); *Delaney v. Univ. of Houston,* 835 S.W.2d 56, 58 (Tex.1992)); *Anderton v. City of Cedar Hill,* 447 S.W.3d 84, 89 (Tex.App.–Dallas 2014, pet. denied). Despite the foregoing, the supreme court has held a reviewing court may consider, in the interest of judicial economy, those other grounds the trial court did not rule on if the movant has preserved them for appellate review. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625–26 (Tex.1996). A movant preserves "other grounds" for review by filing a cross appeal or asserting a cross-point in its appellate brief raising those grounds as an alternate basis for affirming summary judgment. *See id.*; *Polk Mech. Co., LLC v. Jones,* No. 04–08–00509–CV, 2009 WL 1900414, at *5 (Tex.App.–San Antonio July 1, 2009, pet. denied); *Crocker v. Am. Nat'l Gen. Ins. Co.,* 211 S.W.3d 928, 937 (Tex. App.–Dallas 2007, no pet.); *see also La- mar County Appraisal Dist. v. Campbell Soup Co.,* 93 S.W.3d 642, 649 (Tex.App.– Texarkana 2002, no pet.) (holding that where trial court specified grounds for summary judgment in order and summary judgment movant filed neither cross-appeal nor cross-point of error challenging trial court's failure to grant summary judgment on alternate grounds raised in motion, movant had not preserved right to review of potential alternate grounds).

■ In this case, Lockhart Contracting contends the trial court did not specify the grounds upon which it granted summary judgment. We disagree. In its summary judgment order, the trial court specifically stated Rodriguez's claims against Lockhart Contracting "are barred by the exclusive remedy provision of the Texas Workers' Compensation Act." [4] The trial court did not specifically rule upon the alternate ground asserted by Lockhart Contracting—acceptance of benefits. Moreover, Lockhart Contract filed neither a cross appeal nor has it raised a cross-point asserting this alternate ground as a basis for affirming the summary judgment. Thus, unless the acceptance of benefits doctrine is considered part of the TWCA exclusive remedy bar, we cannot consider it on appeal as an alternate ground for affirming the summary judgment. *See Cates,* 927 S.W.2d at 625–26; *Polk Mech. Co.,* 2009 WL 1900414, at *5; *Crocker,* 211 S.W.3d at 937; *see also Campbell Soup Co.,* 93 S.W.3d at 649.

■ Numerous courts in numerous contexts have described "acceptance of

---

4. The trial court, on motion from Lockhart Contracting, subsequently rendered an "Order of Severance and Final Judgment." That order specifically referenced the prior order granting Lockhart Contracting's first amended motion for summary judgment, stating it was now final. Given the reference, this second order does not render the summary judgment as one granted without stating the grounds as opposed to one granted on specific grounds.

benefits" as a "species of quasi-estoppel." *Lopez v. Munoz, Hockema & Reed, L.L.P.,* 22 S.W.3d 857, 864 (Tex.2000); *Lindley v. McKnight,* 349 S.W.3d 113, 131 (Tex.App.–Fort Worth 2011, no pet.). Quasi-estoppel is a common law, affirmative defense that precludes a party from asserting, to the disadvantage of another, a right inconsistent with a position previously taken. *Munoz, Hockema & Reed,* 22 S.W.3d at 864; *Lindley,* 349 S.W.3d at 131. The acceptance of benefits doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit." *Munoz, Hockema & Reed,* 22 S.W.3d at 864; *Lindley,* 349 S.W.3d at 131. The doctrine is an equitable one. *In re Estate of Davis,* 870 S.W.2d 320, 322 (Tex.App.–Eastland 1994, no writ). In this case, according to Lockhart Contracting, application of the doctrine precludes Rodriguez from claiming he was not covered by workers' compensation insurance when he accepted more than $50,000.00 in such benefits. According to Lockhart Contracting, to allow Rodriguez to recover workers' compensation benefits and still maintain a negligence action against Lockhart Contracting, which by Rodriguez's own contention employed him at the time of his accident, would provide Rodriguez with a second recovery to the disadvantage of Lockhart Contracting.

However, whether Lockhart Contracting established its entitlement to the doctrine as a matter of law is not our initial concern. Rather, the issue is whether the trial court, by ruling Rodriguez's suit was barred by the exclusive remedy provision of the TWCA, per force ruled his suit was likewise barred by the acceptance of benefits doctrine. Given that the doctrine is grounded in equity, is applicable in numerous contexts, and courts addressing it in the context of the TWCA and its predecessor seem to consider it an alternate and

separate ground that may bar an employee's suit against an employer, we hold it is not part of the statutory, exclusive remedy bar of the TWCA. Rather, it is a separate and distinct ground for summary judgment and not part of the TWCA exclusive remedy provision. Accordingly, in this case the trial court's ruling that Rodriguez's suit is "barred by the exclusive remedy provision of the Texas Workers' Compensation Act" does not encompass Lockhart Contracting's alternate summary judgment ground based on the affirmative defense of acceptance of benefits. *See, e.g., Munoz, Hockema & Reed,* 22 S.W.3d at 864 (breach of contract, breach of fiduciary duty); *Lindley,* 349 S.W.3d at 131 (UDJA, breach of fiduciary duty, fraud); *Estate of Davis,* 870 S.W.2d at 322 (probate).

We have reviewed each of the cases cited by Lockhart Contracting and none of these cases holds the acceptance of benefits doctrine is part of the statutory, exclusive remedy provision in the TWCA. *See Synoground v. Morvan,* 205 Fed.Appx. 294, 295–96 (5th Cir.2006); *Little v. Delta Steel, Inc.,* 409 S.W.3d 704, 715 (Tex.App.–Fort Worth 2013, no pet.); *Garrett v. Patterson–UTI Drilling Co., L.P.,* 299 S.W.3d 911, 916 (Tex.App.–Eastland 2009, pet. denied); *Berry v. Gregg Indus. Servs., Inc.,* 907 S.W.2d 4, 5–6 (Tex.App.–Tyler 1994, writ denied); *Moore v. Means,* 549 S.W.2d 417, 419 (Tex.Civ.App.–Beaumont 1977, writ ref'd n.r.e.); *LeJeune v. Gulf States Utils. Co.,* 410 S.W.2d 44, 47–48 (Tex.Civ.App.–Beaumont 1966, writ ref'd n.r.e.); *Jones v. Jeffreys,* 244 S.W.2d 924, 926 (Tex.Civ.App.–Dallas 1951, writ ref'd). For example, in *Berry,* the appellate court first concluded the exclusive remedy provision barred the employee's suit against the employer because the employee was, contrary to his contention, in the course and scope of his employment at the time he was injured. 907 S.W.2d 4, 5 (Tex.App.–

Tyler 1994, writ denied). The court went on to state, "Moreover, by claiming and collecting benefits, Berry is precluded from maintaining an action at common law against his employer or fellow employees." *Id.* We conclude the court's separate and independent consideration of first, the exclusive remedy provision, and then the acceptance of benefits doctrine supports our determination that they are separate and distinct affirmative defenses. And then in *Delta Steel, Inc.,* the court characterized the acceptance of benefits doctrine as a "common law affirmative defense." 409 S.W.3d at 710. The exclusive remedy provision of the TWCA is obviously a statutory defense. Thus, granting summary judgment specifically on one defense is not a ruling on the other.

Accordingly, because the trial court specified it was granting summary judgment based on the exclusive remedy bar of the TWCA, making no mention of the alternate ground of acceptance of benefits, and Lockhart Contracting brought neither a cross appeal nor a cross-point asserting acceptance of benefits as an alternate ground for affirmance, it has not been preserved for our consideration. *See Cates,* 927 S.W.2d at 625–26; *Polk Mech. Co.,* 2009 WL 1900414, at *5; *Crocker,* 211 S.W.3d at 937; *see also Campbell Soup Co.,* 93 S.W.3d at 649.

#### Conclusion

Based on the foregoing, we hold Lockhart Contracting did not establish as a matter of law that Rodriguez was a Prime Source employee at the time of his injury, and therefore, failed to conclusively establish its entitlement to the exclusive remedy provision of the TWCA. Given this, we need not consider Rodriguez's assertion regarding whether the professional services agreement between Lockhart Contracting and Prime Source complied with

certain provisions of Chapter 91. Finally, because the trial court did not rule on Lockhart Contracting's alternative affirmative defense based on the acceptance of benefits doctrine, and Lockhart Contracting failed to file a cross appeal or raise acceptance of benefits by way of cross-point, the issue has not been preserved for our review. Accordingly, we reverse the trial court's summary judgment and remand the matter for further proceedings consistent with this court's opinion.