

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAMES REVELES, | § | No. 08-16-00073-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 6 |
| OEP HOLDINGS, LLC and MVT SERVICES, LLC, | § | of El Paso County, Texas |
| | § | |
| Appellees. | § | (TC# 2014DCV3664) |
| | § | |

**O P I N I O N**

James Reveles appeals from summary judgment granted in favor of OEP Holdings, LLC (OEP), and MVT Services, LLC (MVT Services).  Finding that OEP and MVT Services did not conclusively establish the exclusive remedy defense afforded by Section 408.001(a) of the Texas Workers' Compensation Act, we reverse the summary judgment and remand for further proceedings.

**FACTUAL SUMMARY**

In 2014, Reveles filed suit alleging negligence claims against MVT Transportation, LLC, Mesilla Valley Training Institute, Ltd., and OEP Holdings, LLC based on injuries he suffered in two separate incidents which occurred on November 21, 2012 and January 13, 2013 while employed as a truck driver.  He later filed a supplemental petition asserting a negligence claim against MVT Services related to the same two incidents.  The trial court granted summary

judgment in favor of MVT Services with respect to the November 21, 2012 incident, and Reveles does not challenge this ruling on appeal. Likewise, Reveles does not appeal the trial court's order granting summary judgment in favor of MVT Transportation and Mesilla Valley Training Institute on the claims asserted against them.

MVT Services and OEP filed a motion for traditional summary judgment on Reveles's claims related to the January 13, 2013 incident. The sole basis for the summary judgment motion is the exclusive remedy defense available under the Texas Workers' Compensation Act (TWCA). *See* TEX. LABOR CODE ANN. § 408.001(a). MVT Services and OEP alleged that they were co-employers of Reveles and they had workers' compensation insurance coverage in effect on January 13, 2013. The summary judgment evidence included a Certificate of Liability Insurance issued by Great West Casualty Company to "Mesilla Valley Transportation" for workers' compensation and employers' liability with a policy effective date of January 1, 2013. OEP is not listed as an insured on the policy.

In his response, Reveles argued that MVT Services and OEP (1) had waived and/or were estopped from asserting the exclusive remedy defense, and (2) had failed to establish each element of the defense as a matter of law. Reveles's summary judgment evidence established that he applied for workers' compensation benefits from MVT, but his claim was denied by Great West. Reveles's summary judgment evidence included the carrier's notice of denial of compensability/liability and refusal to pay benefits dated May 20, 2013. The notice expressly stated that there was no workers' compensation coverage for Reveles because he was not employed by "Mesilla Valley Transportation" but rather was employed by OEP.

MVT Services and OEP filed a supplemental reply which provided additional summary judgment evidence, including the affidavit of Luis Garcia, who is the vice-president of OEP and

2

the vice-president of Administration/Human Resources for MVT Services. Garcia averred that Reveles was employed by OEP and leased to MVT Services in January 2013. Garcia also stated that MVT Services had workers' compensation insurance with Great West and workers' compensation benefits should have been provided to Reveles. The supplemental evidence also included a staff leasing services agreement between OEP and MVT Services. Based on this additional evidence, MVT Services and OEP argued that OEP is a Professional Employer Organization authorized by Chapter 91 of the Texas Labor Code. The trial court granted OEP and MVT Services' summary judgment motion based on the exclusive remedy defense and this appeal followed.

## EXCLUSIVE REMEDY PROVISION

In his sole issue, Reveles challenges the order granting summary judgment in favor of MVT Services and OEP based on the exclusive remedy defense. He argues that they failed to establish each element of the affirmative defense as a matter of law.

### *Standard of Review*

We review a trial court's decision to grant summary judgment *de novo*. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015); *Travelers Insurance Company v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Traditional summary judgment is proper when the movant establishes that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Cantey Hanger*, 467 S.W.3d at 481; *Gomez v. Saratoga Homes*, 516 S.W.3d 226, 232 (Tex.App.--El Paso 2017, no pet.). A defendant is entitled to summary judgment if it conclusively establishes each element of an affirmative defense as a matter of law. *Frost National Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see Carrera v. Yepez*, 6 S.W.3d 654, 660-61 (Tex.App.--El Paso 1999, pet. dism'd w.o.j.) (defendant moving for

3

summary judgment based on an affirmative defense must come forward with summary judgment evidence to conclusively establish each element of the defense as a matter of law such that there is no genuine issue of material fact). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Cantey Hanger*, 467 S.W.3d at 481. Evidence is conclusive if reasonable people could not differ in the conclusions drawn from it. *Helix Energy Sols. Grp., Inc. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017).

*Relevant Law*

The exclusive remedy defense is established by Section 408.001(a) of the TWCA which provides that:

> Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

TEX. LABOR CODE ANN. § 408.001(a).

The exclusive remedy provision is an affirmative defense that protects employers from certain common-law claims of their employees including negligence claims. *See Rodriguez v. Lockhart Contracting Services, Inc.*, 499 S.W.3d 48, 53 (Tex.App.--San Antonio 2016, no pet.); *Rico v. Judson Lofts, Ltd.*, 404 S.W.3d 762, 765 (Tex.App.--San Antonio 2013, pet. denied). An employer who subscribes to workers' compensation insurance may raise the exclusive remedy provision as a bar to negligence claims. *Rodriguez*, 499 S.W.3d at 53 (citing *Port Elevator-Brownsville v. Casados*, 358 S.W.3d 238, 241 (Tex. 2012)).

Under the exclusive remedy provision, a defendant seeking to establish that a common-law claim is barred must show that: (1) the injured worker was an employee of the defendant at the time of the work-related injury and (2) the injured worker was covered by workers' compensation

4

insurance. *See* TEX. LABOR CODE ANN. § 408.001(a). This case presents an additional complicating factor because OEP and MVT Services asserted in their summary judgment motion that they are co-employers of Reveles under the Professional Employer Organization Act (PEOA). *See* TEX. LABOR CODE ANN. §§ 91.001-.062. Co-employers under the PEOA may raise the exclusive remedy provision if they establish that the injured employee entered employment with a professional employment organization (PEO) which has elected to obtain workers' compensation insurance coverage and has a professional services agreement with a client for whom the employee actually works. *Rodriguez*, 499 S.W.3d at 53-54; *see Texas Workers' Compensation Insurance Fund v. Del Industries, Inc*., 35 S.W.3d 591, 593-95 (Tex. 2000).

*2013 Amendment of Chapter 91*

Before addressing the arguments raised by Reveles, it is important to note that the Legislature amended Chapter 91 in 2013. *See* Acts 2013, 83rd Leg., R.S., ch. 117, 2013 Tex.Gen.Laws 495 (eff. Sept. 1, 2013). The changes in law made by the 2013 amendments apply only to a professional employer services agreement entered into on or after the effective date of this Act, September 1, 2013. *See* Acts 2013, 83rd Leg., R.S., ch. 117, § 29(b), 2013 Tex.Gen.Laws 495, 507. An agreement entered into before that date is governed by the law in effect on the date the agreement is entered into, and the former law is continued in effect for that purpose. *Id.* The staff leasing services agreement entered into by OEP and MVT Services is dated January 1, 2013. Consequently, this case is governed by the former law. The former law was known as the Staff Leasing Services Act (SLSA). To avoid confusion and distinguish it from the PEOA, we will refer to the former law as the SLSA.

*Are OEP and MVT Services the Co-Employers of Reveles?*

Reveles first contends that OEP and MVT Services failed to conclusively prove that they are his co-employers because they offered no evidence that OEP is a license holder. A license issued under Chapter 91 is required in order for a person to engage in or offer staff leasing services in Texas. *See* Acts 1995, 74th Leg., R.S., ch. 76, § 9.20(a), 1995 Tex.Gen.Laws 458, 635, 636, amended by Acts 2013, 83rd Leg., R.S., ch. 117, § 6, 2013 Tex.Gen.Laws 495, 497, 498 (current version found at TEX. LABOR CODE ANN. § 91.011). Thus, the phrase "license holder" as used in the SLSA means a person licensed under Chapter 91 to provide staff leasing services. *See* Acts 1995, 74th Leg., R.S., ch. 76, § 9.20(a), 1995 Tex.Gen.Laws 458, 635, amended by Acts 2013, 83rd Leg., R.S., ch. 117, § 2, 2013 Tex.Gen.Laws 495 (current version found at TEX. LABOR CODE ANN. § 91.001(11)). Under the former law, a license holder could elect to obtain workers' compensation insurance coverage for the license holder's assigned employees through an insurance company or self-insurance. Acts 1995, 74th Leg., R.S., ch. 76, § 9.20(a), 1995 Tex.Gen.Laws 458, 640, 641, amended by Acts 2013, 83rd Leg., R.S., ch. 117, § 17, 2013 Tex.Gen.Laws 495, 502 (current version found at TEX. LABOR CODE ANN. § 91.042(a)). Section 91.042(c) provides that "[f]or workers' compensation insurance purposes, a license holder and the license holder's client company shall be coemployers." Acts 1995, 74th Leg., R.S., ch. 76, § 9.20(a), 1995 Tex.Gen.Laws 458, 635, 641, amended by Acts 2013, 83rd Leg., R.S., ch. 117, § 17, 2013 Tex.Gen.Laws 495, 502 (current version found at TEX. LABOR CODE ANN. § 91.042(c)). Under the former law, if a license holder elects to obtain workers' compensation insurance coverage, the license holder is subject to Sections 406.034 and 408.001. *See id.*

In their summary judgment motion, OEP and MVT Services asserted that they are Reveles's co-employers. OEP and MVT Services asserted in their reply to Reveles's response that OEP is a professional employer organization under the PEOA. To be entitled to summary

6

judgment, OEP and MVT Services were required to conclusively prove that OEP is a license holder under the SLSA. *See Synergy Management Group, LLC v. Thompson*, 398 S.W.3d 843, 847 (Tex.App.--Eastland 2012, no pet.). The summary judgment evidence included the affidavit of Luis Garcia, vice-president of OEP, who testified that "OEP is licensed in Texas as a Professional Employer Organization." While Garcia's affidavit did not state that OEP was a license holder in 2013, the staff leasing services agreement between OEP and MVT Services states that OEP is licensed as a staff leasing services company pursuant to Chapter 91 of the Texas Labor Code (License No. 1447). Thus, OEP and MVT Services offered evidence conclusively proving that OEP is a license holder under the SLSA.

*Was Reveles Covered by Workers' Compensation Insurance?*

Reveles next argues that OEP and MVT Services failed to conclusively prove that he was covered by workers' compensation insurance at the time of his injury. Generally, an employee is covered by workers' compensation insurance if his employer has an approved insurance policy covering the payment of workers' compensation benefits to its employees. *Rodriguez*, 499 S.W.3d at 53. Under the former law, a license holder may elect to obtain workers' compensation insurance coverage for the license holder's assigned employees. Former TEX. LABOR CODE ANN. § 91.042(a); *see Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 478 (Tex. 2005); *Del Industries*, 35 S.W.3d at 594; *Vega v. Silva*, 223 S.W.3d 746, 748 (Tex.App.--Dallas 2007, no pet.). If the staff leasing company elects to obtain coverage, the policy also covers all employees of the license holder assigned to the client company. *Garza*, 161 S.W.3d at 478 (discussing former versions of TEX. LABOR CODE ANN. §§ 91.006(a), 91.042(c)); *Vega*, 223 S.W.3d at 748.

Garcia stated in his affidavit that Reveles was employed by OEP and leased to MVT in January 2013, and at that time, MVT had workers' compensation insurance with Great West

7

Casualty Company which "should have provided benefits" to Reveles. As noted by Reveles, the staff leasing services agreement expressly provided that OEP was obligated to obtain and pay for workers' compensation insurance for the leased employees. Thus, under the contract, OEP elected to obtain workers' compensation insurance for its employees leased to MVT Services. *See* Acts 1995, 74th Leg., R.S., ch. 76, § 9.20(a), 1995 Tex.Gen.Laws 458, 635, 641, amended by Acts 2013, 83rd Leg., R.S., ch. 117, § 17, 2013 Tex.Gen.Laws 495, 502 (current version found at TEX. LABOR CODE ANN. § 91.042(b)). It is undisputed, however, that OEP did not satisfy its obligation to obtain and pay for workers' compensation insurance for its employees assigned to MVT Services. Under the former version of Section 91.006(a), a certificate of insurance coverage showing that a license holder maintains a policy of workers' compensation insurance constitutes proof of workers' compensation insurance coverage for the license holder and the client company with respect to all employees of the license holder assigned to the client company. Acts 1999, 76th Leg., R.S., ch. 771, § 3, 1999 Tex.Gen.Laws 3390, amended by Acts 2013, 83rd Leg., R.S., ch. 117, § 6, 2013 Tex.Gen.Laws 495, 497 (current version found at TEX. LABOR CODE ANN. § 91.006(a)). There is no certificate of insurance coverage showing that OEP maintained a workers' compensation policy for its employees assigned to MVT Services on the date of Reveles's injury, January 13, 2013. The certificate of insurance coverage submitted as summary judgment proof established that MVT Services obtained workers' compensation insurance coverage effective January 1, 2013, but it does not prove that Reveles, as a leased employee, was covered by that policy. Further, Garcia's conclusory statement that the workers' compensation insurance policy obtained by MVT Services should have paid benefits to Reveles is insufficient to conclusively prove that Reveles was covered by workers' compensation insurance at the time of his injury. Consequently, OEP and MVT Services failed to prove as a matter of law that Reveles's negligence

8

suit is barred by the exclusive remedy provision of the TWCA. Issue One is sustained. We reverse

the summary judgment and remand the cause to the trial court for further proceedings.


GINA M. PALAFOX, Justice

December 14, 2018

Before McClure, C.J., Palafox, J., and Chew, C.J. (Senior Judge)
Chew, C.J. (Senior Judge), sitting by assignment

9