**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00258-CV**

_____

**GLENN ERIC LILLY, Appellant**

**V.**

**MICHAEL SCOTT WEISINGER, Appellee**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-07-08680-CV**

**MEMORANDUM OPINION**

Appellant Glenn Eric Lilly challenges the trial court's order granting a Traditional Motion for Summary Judgment in favor of Michael Scott Weisinger after the trial court determined that the exclusive-remedy provision of the workers' compensation statute barred Lilly's suit against Weisinger. As more fully discussed below, we affirm.

1

## Background

In January 2023, Lilly filed his Second Amended Petition against Weisinger for an injury he received while tedding hay, which uses a hay rake to lift and spread out freshly cut hay to accelerate the drying process before bailing the hay into square or round bales. According to Lilly, in June 2021, he was tedding hay with coworker Mason Mathis on property owned by Weisinger and his wife. According to Lilly, Weisinger directed the work that needed to be done. Lilly stated that the hay tedder became clogged with wet hay and that he needed to pull the wet hay out of the clogged hay tedder. Mathis turned off the tractor and climbed out, while Lilly stepped into the hay tedder to unclog it. According to Lilly, he had not been trained to unclog the hay tedder any other safer way by Weisinger. While Lilly was inside the hay tedder, Mathis climbed back on the tractor and started it. Once the tractor started, the hay tedder began to turn catching Lilly's legs in the tedder's tines (the "Incident"). As a result, Lilly sustained injuries to his legs, back, neck, and body.

Lilly's allegations against Weisinger, include that Weisinger: had a duty under the law to provide a safe work environment; failed to adequately train Lilly and his coworkers on the proper methods and procedures for safely tedding hay; failed to provide adequate procedures for Lilly and his coworkers to safely ted hay; failed to provide adequate supervision while workers were tedding hay; and failed to provide adequate and proper instrumentalities and tools for safely tedding hay.

Lilly also stated that although he was hired and paid by Weisinger Inc., a water well drilling company, he worked almost exclusively for the past twelve months at Weisinger's personal farm properties as a farm hand. According to Lilly, his work on Weisinger's personal property was in the course and scope of his employment for Weisinger. Lilly claims that Weisinger's use of Weisinger Inc. employees at his personal properties for his personal hay farm operations ultimately expended the resources of Weisinger Inc. to his personal hay farming operations.

After the Incident, Lilly contends that Weisinger informed Lilly that his injury would not be filed on Weisinger Inc.'s workers' compensation insurance, but that he would take care of Lilly's medical bills. Lilly was instructed to file his medical claims on his group health insurance, and after providing receipts, he would be reimbursed for his out-of-pocket expenses. Lilly acknowledged that Weisinger reimbursed him for most of his out-of-pocket expenses.

In January 2022, Lilly stated that he was referred to a spine surgeon for treatment for his neck and back injuries, and Weisinger initiated a workers' compensation claim through Weisinger Inc. According to Lilly, Weisinger had employees of Weisinger Inc. submit false statements to the workers' compensation carrier and the Texas Department of Insurance regarding the details of the Incident. Despite Weisinger's assertion, Lilly does not believe that his injuries are covered on Weisinger Inc.'s workers' compensation policy or Weisinger's farm and ranch

3

policy. Lilly claims that he has suffered severe, permanent, and disabling injuries to his legs, back, neck, and body as a result of the Incident and that exclusions on both policies would exclude him from coverage.

Lilly asserted claims of negligence and negligence per se against Weisinger, asserting that Weisinger breached his non-delegable duties to provide a safe work environment and properly train and supervise Lilly and his coworkers. According to Lilly, Weisinger is vicariously liable for the negligence of Mathis when he started the tractor while Lilly was standing in the tines of the hay tedder, failed to determine whether Lilly was clear of the hay tedder before starting the tractor, and failed to disengage the tractor from the hay tedder to prevent the hay tedder from starting when the tractor started.

Lilly further contends that Weisinger, by failing to have a workers' compensation policy covering Lilly, is barred from claiming common law defenses such as contributory negligence, assumption of risk, or negligence of a fellow employee. Lilly sued for $1 million in actual damages.

Weisinger filed a general denial and further pleaded in the alternative: that Lilly's damages for medical expenses were limited by section 41.0105 of the Texas Civil Practice and Remedies Code; that section 18.091 of the Texas Civil Practice and Remedies Code applies to any loss of earnings or earning capacity claims; that Lilly was contributorily negligent in causing his injuries; that his comparative

4

responsibility exceeds 50% barring recovery; that Lilly's negligence was the sole proximate cause of the Incident; that Lilly was an exempt employee pursuant to section 406.033 of the Texas Labor Code; that Lilly and Mathis were employees of Weisinger Inc. at the time of the Incident and covered on the workers' compensation insurance policy; that the workers' compensation benefits are Lilly's exclusive remedy; that Lilly accepted the benefits of Weisinger Inc.'s workers' compensation insurance policy therefore accepting and admitting that the Incident occurred while in the course and scope of his employment with Weisinger Inc.; and that his claims against Weisinger are barred by the exclusive remedy provision of section 408.001 of the Texas Labor Code.

In April 2023, Weisinger filed a Traditional Motion for Summary Judgment arguing that he was entitled to summary judgment as a matter of law because Lilly was in the course and scope of his employment with Weisinger Inc. at the time of the Incident, and his exclusive remedies are available through Weisinger Inc.'s workers' compensation insurance. According to Weisinger, Lilly made a claim for medical and indemnity benefits to Weisinger Inc.'s workers' compensation insurance carrier, but Lilly later cancelled the claim after the carrier had approved benefits. Lilly then sued Weisinger individually for negligence, and vicarious liability for Mathis's negligence.

Weisinger argued that he is a subscriber of workers' compensation insurance under the Workers' Compensation Act (the "Act") and that as a subscriber, Lilly's exclusive remedies are those benefits available from the workers' compensation insurance policy.

Next, Weisinger argued that Lilly was employed by Weisinger Inc. at the time of the Incident, and that Lilly openly admitted such when he acknowledged being on Weisinger Inc.'s payroll. During his deposition, Lilly admitted that he clocked in and out at the Weisinger Inc. yard, used a company vehicle, received daily instructions from a Weisinger Inc. employee, reported to a Weisinger Inc. manager, Kevin Martin, and that at times, his instructions from Martin included tasks to perform on the farm property. Lilly further admitted that on the day of the Incident, he received instructions from Martin, not Weisinger. Based on Lilly's admissions, Weisinger argues that there is no evidence that he, individually and acting in his own capacity and not as an officer of Weisinger Inc., made a regular practice of controlling the details of Lilly's work.

Weisinger then argued that Lilly was in the course and scope of his employment with Weisinger Inc. Weisinger argued that the Texas Labor Code permits the term "employee" to include an employee who is directed by the employer temporarily to perform services outside the usual course and scope of the employer's business. *See* Tex. Lab. Code Ann. § 401.012(b)(1). Based on Lilly's deposition

admissions, he would still be considered an employee of Weisinger and working in the course and scope of his employment. Weisinger argued that because Weisinger Inc. is a subscriber under the Act, workers' compensation insurance benefits are Lilly's exclusive remedy, and his negligence and vicarious liability claims against Weisinger should be dismissed. Weisinger further argued that Weisinger, individually, is a workers' compensation subscriber and also entitled to the protection of the Act, and that Lilly's exclusive remedy is the workers' compensation insurance benefits.

Finally, Weisinger contended that the Act gives the Texas Workers' Compensation Commission ("TWCC") exclusive jurisdiction to award workers' compensation benefits. *See id*. § 408.001. According to Weisinger, Lilly is required to exhaust all administrative remedies before a trial court can exercise jurisdiction over a dispute. According to Weisinger, as president and co-employee of Weisinger Inc., he is exempt from Lilly's negligence and vicarious liability claims by the exclusionary rule. And because the work Lilly was performing was directed by a Weisinger Inc. supervisor and authorized by the employer, as here, workers' compensation recovery is allowed.

Weisinger attached the following documents to his Motion for Summary Judgment as exhibits: affidavit of Weisinger; Weisinger Inc.'s EMC insurance policy; Direct Questions to be Propounded to Employers Mutual Casualty (EMC)

Company with responses; verification of the list of employers covered under the EMC insurance policy as of June 2021; May 2022 EMC letter to Lilly disputing that some of the claimed medical conditions resulted from his work-related injury; Direct Questions to be Propounded to EMC (duplicate); January 3, 2023 Deposition Transcript of Lilly; Lilly's June 2022 Employee Pay Stub from Weisinger Inc.; January 17, 2023 Deposition Transcript of Weisinger; and a June 2021 letter from Terry Bryant, Lilly's current attorney, to Weisinger that revealed the representation of Lilly and that EMC denied Lilly's claim based on Weisinger's personal status as a nonsubscriber to workers' compensation coverage.

Lilly filed his Response to Defendant Weisinger's Traditional Motion for Summary Judgment and argued that Weisinger misstated the facts of the case in that at all times Lilly worked in farm labor and the hay growing operations of Weisinger, individually, not as an equipment operator for Weisinger Inc. Lilly also claimed that Weisinger's assertion that his workers' compensation claim was accepted but later canceled by Lilly is untrue. According to Lilly, after his foot and ankle were stabilized through surgery, he began to have neck, right shoulder, and lower back pain that required steroid injections, so Weisinger Inc. initiated a claim for workers' compensation benefits.

Lilly then argued that the Act does not apply because he was not injured in the course and scope of his employment since his injuries did not relate or originate

in Weisinger Inc.'s line of business. Lilly asserted that he was injured while farming at Weisinger's personal hay-growing operation and not Weisinger Inc.'s operations nor did the injury occur in furtherance of Weisinger Inc.'s pump and well business.

Next, Lilly argued that Weisinger, individually, was not a subscriber to workers' compensation at the time of the Incident, and therefore, Weisinger cannot establish the exclusive remedy defense under the Texas workers' compensation system. According to Lilly, the EMC list of covered employers does not include the company for Weisinger's hay farming operations. Lilly also stated that the documents provided from EMC only reflect that the insured company is a water well drilling business, and the locations listed do not include the address of the property where the Incident occurred.

Finally, Lilly argued that Weisinger's lack of jurisdiction argument is moot because he failed to conclusively establish that Lilly's injuries occurred in the course and scope of his employment with Weisinger Inc. and therefore he cannot establish the exclusive remedy defense. Lilly reiterates that it was Weisinger that suggested that he file his claims on his personal insurance and not workers' compensation, which would be consistent with the Incident not occurring in the course and scope of his employment with Weisinger Inc. He argued that Weisinger's current position that workers' compensation is Lilly's exclusive remedy is inconsistent with his earlier position that Lilly file any medical treatment on his personal health insurance.

Lilly attached the following documents to his Response to Weisinger's Motion for Summary Judgment as exhibits: January 2023 Deposition Transcript excerpts of Lilly; January 2023 Deposition Transcript excerpts of Weisinger; Deposition by Written Question to EMC; April 2023 Deposition Transcript excerpts of Beth Taylor; Lilly's medical records from Cleveland Physical and Occupation; Lilly's medical records from Baylor St. Luke's Woodlands Orthopedics; Lilly's medical records from Lone Star Clinic; and Lilly's medical records from Memorial Hermann Surgical Hospital Kingwood.

Weisinger then filed his Reply in Support of Traditional Motion for Summary Judgment and argued that Lilly was employed by Weisinger Inc. and as an employee covered by workers' compensation insurance, the workers' compensation benefits are his exclusive remedy. Weisinger then contended that Lilly provided no evidence that he acted in his individual capacity or that he controlled the details of Lilly's work on the day of the Incident. Additionally, Weisinger argued that he is clearly identified as a named insured on the workers' compensation policy, and that Lilly's contention otherwise is wrong.

The next month, June 2023, Lilly filed his Third Amended Petition but did not add any new causes of action.

On July 6, 2023, the trial court signed an order granting Weisinger's Traditional Motion for Summary Judgment and ordered that Lilly take nothing on his claims and causes of action against Weisinger. This appeal followed.

In his brief, Lilly argues that the exclusive remedy provision does not bar his negligence claim because: Weisinger Inc. is in the pump and well business, not hay tedding; Weisinger is the only beneficiary of his hay operations; Weisinger did not conclusively establish that he was a workers' compensation subscriber in his individual capacity, so summary judgment should have been precluded; and Weisinger failed to conclusively establish his quasi-estoppel argument.

**Standard of Review**

We review summary judgment orders de novo. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The party moving for traditional summary judgment must establish that (1) no genuine issue of fact exists, and (2) it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). If the moving party produces evidence entitling it to summary judgment, the burden shifts to the non-movant to present evidence that raises a fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). In determining whether there is a disputed material fact issue precluding summary judgment, we take evidence favorable to the nonmovant as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). We review the

11

summary judgment record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005) (citations omitted); *see also Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 252 (Tex. 2023) (citation omitted).

When a trial court grants a motion for summary judgment without specifying the grounds on which the trial court relied, as here, to successfully challenge the summary judgment on appeal, an appellant must attack all possible bases for the trial court's ruling. *See Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 226 (Tex. 2022); *Cox v. Chevron Phillips Chem. Co., LP*, No. 09-23-00151-CV, 2024 WL 1665677, at *2 (Tex. App.—Beaumont Apr. 18, 2024, no pet.) (mem. op.).

**Analysis**

In his first issue, Lilly argues that Weisinger was not entitled to judgment as a matter law because he failed to conclusively establish that Lilly's injuries were covered under a workers' compensation insurance policy. According to Lilly, he was not in the course and scope of his employment, meaning his injury did not relate to Weisinger Inc.'s business. Lilly contends that he was working with the hay tedder at the time of the Incident, and not the business of Weisinger Inc., a Texas corporation that engaged in the pump and water well industry. Lilly argues that because Weisinger Inc. is not in the hay farming business, his work on the day of the Incident

12

was not in furtherance of Weisinger Inc. As a result, Lilly contends that the exclusive remedy provision of the Act does not apply to his negligence claims.

The exclusive remedy provision of the Act states as follows: "Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of a work-related injury sustained by the employee." Tex. Lab. Code Ann. § 408.001(a). An employer who subscribes to workers' compensation insurance may raise the exclusive remedy provision as a bar to negligence claims. *See id.*; *Rodriguez v. Lockhart Contracting Servs., Inc.*, 499 S.W.3d 48, 53 (Tex. App.—San Antonio 2016, no pet.); *see also Amerigas Propane, L.P. v. Aboytes-Muñiz*, No. 09-18-00122-CV, 2019 WL 2127750, at *5, 9 (Tex. App.—Beaumont May 16, 2019, pet. denied) (mem. op.). Under this provision, an employer seeking to establish that a common-law claim is barred must show that: (1) the injured worker was an employee of the defendant at the time of the work-related injury and (2) the injured worker was covered by workers' compensation insurance. *See* Tex. Lab. Code Ann. § 408.001(a).

Generally, an employee is covered by workers' compensation insurance if his employer has an approved insurance policy covering the payment of workers' compensation benefits to its employees. *Rodriguez*, 499 S.W.3d at 53. The Texas Labor Code defines an employee as a "person in the service of another under a

13

contract of hire, whether express or implied, or oral or written[]" and further states that the term employee "includes an employee employed in the usual course and scope of the employer's business who is directed by the employer temporarily to perform services outside the usual course and scope of the employer's business[.]" Tex. Lab. Code Ann. § 401.012(a), (b)(1).

Here, Lilly admits that he was employed by Weisinger Inc. at the time of the Incident. The evidence also confirmed that at the time of the Incident, Lilly was on Weisinger Inc.'s payroll and that on the day of the Incident, Weisinger Inc. manager Kevin Martin instructed Lilly on his duties for the day. Additionally, at his deposition, Lilly testified that Weisinger individually did not direct or control the details of his work on the day of the Incident. Weisinger indicated the same in his affidavit submitted in support of his Motion for Summary Judgment. This evidence establishes that Lilly was an employee of Weisinger Inc. at the time of the Incident. *See id*. § 401.012(a), (b)(1); 408.001(a).

Next, Weisinger must demonstrate that Lilly was covered by workers' compensation insurance. *See id*. § 408.001(a). The evidence further confirms that Lilly was covered by workers' compensation insurance through Weisinger Inc. Weisinger provided the EMC insurance policy in effect at the time of the Incident that named Weisinger Inc. as the insured, and workers' compensation insurance verification. Additionally, Weisinger provided evidence that EMC Insurance

14

accepted Lilly's claim for workers' compensation related to his ankle and foot injury. The evidence conclusively establishes that Lilly was covered by workers' compensation insurance. *See id.* § 408.001(a).

Based on the evidence that Lilly was an employee of Weisinger Inc. at the time of the Incident and that he was covered by workers' compensation insurance, we conclude that Weisinger established that Lilly's claims are barred by the exclusive remedies provision. *Id.* We overrule issue one.

Next, Lilly argues that Weisinger did not conclusively establish his quasi-estoppel argument. Lilly argues that Weisinger did not conclusively establish that Lilly made a claim and collected workers' compensation benefits, only that a claim was initiated. According to Lilly, it would not be equitable to allow Weisinger to receive the benefit of the exclusive-remedy defense after requiring Lilly to use his personal health insurance to pay for his necessary medical treatment.

Texas Rules of Appellate Procedure require that this Court "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." Tex. R. App. P. 47.1. Here, Weisinger did not raise a quasi-estoppel argument as a basis to grant his Motion for Summary Judgment and therefore the trial court did not consider this argument in deciding the Motion. *See* Tex. R. Civ. P. 166a(c) (providing that summary judgment may only be granted on grounds expressly stated in the motion). Therefore, we need

15

not address Lilly's argument. *See id.*; *see also* Tex. R. App. P. 47.1. We overrule issue two.

## Conclusion

Having considered and overruled Lilly's issues, we affirm the trial court's judgment.

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on August 30, 2024
Opinion Delivered August 28, 2025

Before Golemon, C.J., Wright and Chambers, JJ.